W. F. THAYER v. ALBERT HONEYWELL *et al.*

No. 256.

EVIDENCE—*Judicial Notice—Records of Court.* A district court cannot take judicial knowledge of an error made in a separate case or proceeding for injunction, commenced to restrain the sheriff from selling the land in controversy, in a case the court has under consideration, on motion to confirm sale.

Error from Harper district court; G. W. McKAY, judge. Opinion filed January 14, 1898. Reversed.

*Cook & Gossett*, for plaintiff in error.

*Sankey & Campbell*, for Albert Honeywell and his guardian, O. C. Hooker.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by W. F. Thayer in the district court of Harper county to foreclose a mortgage on certain real estate. A judgment was rendered, an order of sale issued, and the land was sold to W. F. Thayer, plaintiff in error. On the 3d day of February, 1892, this case was heard on the motion of plaintiff in error to confirm the sale. No evidence was offered against the motion and no objection made to the motion or to the confirmation of the sale. The court made the following order :

"It is therefore considered, ordered and adjudged

Thayer v. Honeywell.

by the court that the motion to confirm said sale be overruled for the reason that said sale was made in violation of the order of the court, and that the sale be wholly set aside and held for naught."

On the 11th day of August, 1891, the land described in the petition and order of sale was sold by the sheriff. On the 10th day of August, 1891, the judge of the district court, in an action for injunction, issued a temporary injunction, restraining the sheriff from selling or disposing of the land. On the hearing of the motion to confirm the sale, the petition, bond and order made by the court in the injunction case were not offered in evidence. No evidence was introduced whatever.

The question presented is, Could the court take judicial knowledge of an order made in a separate case or proceeding for injunction, commenced to restrain the sheriff from selling or disposing of the land in controversy, in the case the court then had under consideration, on motion to confirm the sale ?

It is well settled that the courts will take judicial knowledge of their own orders in the same case. (*State v. Ulrich*, 110 Mo. 350, 19 S. W. Rep. 656 ; *The State v. Bowen*, 16 Kan. 475 ; *Searls v. Knapp*, 58 N. W. Rep. 807.)

It is equally well settled that they will not take judicial notice of their orders made in cases having no connection with the one they are considering. (*Grace v. Ballou*, 4 S. Dak. 333, 56 N. W. Rep. 1075, and cases there cited.)

The action commenced for injunction was a separate proceeding. It does not appear from the record brought to this court that the order was served or that the sheriff or other defendants had notice of the order made by the court. It does not appear that the

court was not satisfied that " the sale had in all respects been made in conformity " to law.   Upon the facts as presented in the record, it was error to overrule the motion to confirm the sale.

The order of the district court is reversed, and the case remanded for further proceedings in accordance with the views herein expressed.