Bailey v. Oatis.

---

JULIUS A. BAILEY *et al., as Executors, etc., Appellants,*
v. JAMES A. OATIS *et al., Appellees.*
No. 17,167.

SYLLABUS BY THE COURT.

1. FRAUD—*Without Injury Not Actionable.* Fraud without injury is not actionable; in order to sustain an action for false representations the party complaining must prove that he has sustained damages thereby.

2. FRAUDULENT REPRESENTATIONS—*No Damages Proven.* Where it was falsely represented to a mortgagor that the mortgage had been foreclosed and a deed made to the assignee of the mortgage, and the mortgagor was thereby induced to lease the land and pay rents and afterward to give a new mortgage for the principal of the original debt upon the agreement of such assignee to release the old mortgage and make and deliver a deed of the land to the mortgagor, and such release was made, but a deed was not made, and the title was all the time in the mortgagor subject only to the mortgage, and all rents paid by

him had been credited on the original mortgage, leaving the principal and some interest still due, it is held that the failure to make and deliver a deed was immaterial, since it would convey nothing, and that the new mortgage should be treated as a renewal of the old one and enforced accordingly.

Appeal from Smith district court. Opinion filed July 7, 1911. Reversed.

*L. C. Uhl, jr., A. M. French, Park B. Pulsifer,* and *Charles L. Hunt,* for the appellants.

*E. J. Blake,* and *Mahin & Mahin,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This action is upon a note for $500, dated March 1, 1902, and accompanying mortgage made by the appellees. The answer alleged that the securities were given in part consideration for a quarter section of land, one-half of which is described in the mortgage, upon the false representation of the appellants' agent made in the circumstances following, as stated in the answer: *i. e.,* that James A. Oatis was in possession of the land, having owned it for many years; that in November, 1889, he had mortgaged it to the Guaranty Investment Company for $1500, and the principal sum and several interest installments were unpaid; that F. E. Lane, agent of appellants, represented to the appellees that this 1500-dollar mortgage had been foreclosed in the federal court, and that appellants had purchased the land at the foreclosure sale and owned it. Relying upon these representations, the appellees rented the land from this agent, and paid rents thereon from March 1, 1897, to March 1, 1902, when, upon the false representation that appellants still owned the land, they purchased eighty acres of it for $600, paying $100 in cash, and giving the note and mortgage sued upon for the remainder. The answer prayed for cancellation of the securities so given and for the recovery of the rents and the cash payment.

The reply denied the authority of F. E. Lane to act as agent for the appellants, and set out the mortgage of $1500 made by the appellees in 1889, the assignment thereof to the appellants, and alleged that it remained unpaid; that in March, 1896, Oatis and wife, being in default upon several installments of interest, made a deed of the land to the appellants and deposited it with their agent at Jamestown, Kan., in escrow, in pursuance of an agreement that it should be surrendered in one year upon payment being made of all past-due interest, otherwise it should be delivered to the appellants; that such payments were not made and the deed was sent to the appellants accordingly; that thereupon Oatis rented the land and paid some rents thereon down to March 1, 1902, at which time it was agreed that the land should be reconveyed to James A. Oatis for $1500, the principal of the original mortgage, which should thereupon be released, and as the deed so made by the appellees had not been recorded it should be returned to them in lieu of a reconveyance; that pursuant to this agreement the appellees gave the note and mortgage sued upon and paid $100 cash, and W. F. Oatis, to whom the appellees conveyed the other half of the quarter section, paid $400 and gave his note and mortgage for $500, thus making up the $1500; and thereupon the old mortgage was released and the deed returned to James A. Oatis as agreed.

On the trial appellee James A. Oatis testified to the representation as alleged in the answer; that he took the lease and held thereunder until March 1, 1902, when he purchased the land upon the agreement that the executors should make a conveyance to him and release the old 1500-dollar mortgage; that upon the statement of appellants' agent that delay would be necessary in obtaining the deed, he made a conveyance of eighty acres of the land to W. F. Oatis, and gave the notes and mortgage sued upon and paid $100 in cash, W. F. Oatis paying $400 and giving his note and mort-

gage upon his eighty acres for $500, and in this manner the 1500-dollar consideration was made up; that in the spring of 1904 he discovered that the appellants did not own the land and that the representations so made to him were false, and thereupon he refused to pay interest on the 500-dollar mortgage. Mrs. Oatis testified that she never executed a deed to the appellants, but James A. Oatis did not testify on that matter.

Evidence was given for the appellants tending to prove that F. E. Lane was not their agent and had no authority to act for them, but was the son and employee of F. A. Lane, who was their agent. F. E. Lane testified that he did not make the representations charged by. the appellees. F. A. Lane testified that he was agent for the appellants and that the business detailed in the reply was transacted through his office, and his testimony tended to prove the allegations of the reply.

The case was tried by jury and a verdict returned for the appellees for $160, upon which judgment was rendered, the effect of which is to release them from paying the 500-dollar note and mortgage sued upon, besides recovering the amount stated in the verdict. The appellees admit that they have not paid the original 1500-dollar mortgage, except some interest thereon.

Numerous errors are assigned upon the rulings of the court, but only two need to be considered. The first relates to the decision overruling the objection to any evidence in support of the answer. This contention is based upon the proposition that the execution of a deed from the appellees to the appellants, as alleged in the reply, was admitted by failure to deny it under oath. While the code states generally that "allegations of the execution of written instruments . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney" (Civ. Code, § 110), still a denial of such allegations in a

reply is unnecessary, as the code further provides that allegations of new matter in a reply "shall be deemed to be controverted by the adverse party." (Civ. Code, § 129; *Continental Ins. Co. v. Pearce,* 39 Kan. 396.)

Another assignment of error relates to the verdict and judgment thereon. It is argued that upon the undisputed facts appearing from all the evidence the judgment should have been for the plaintiffs. This is the principal question to be decided. The general verdict establishes several facts at issue under the pleadings concerning which the evidence was in conflict, *i. e.,* that false representations that the title to the land was in the executors were made in 1896; that no deed was made by the appellees conveying the land to the appellants or to Charlemagne Tower for their benefit; and that it was agreed in March, 1902, that a conveyance should be made by Tower or the executors to James A. Oatis. These matters being established, the material facts so found, with those shown by the undisputed evidence, are: That the appellees gave a mortgage upon the land on November 1, 1889, to secure a loan of $1500, which was soon after assigned to the appellants. Sometime before March, 1896, appellee James A. Oatis being in default upon several interest payments, was induced, upon the false representations of the appellants' local agent that they had foreclosed the mortgage and then owned the land, to accept a lease thereon and to pay rents until March 1, 1902, when he agreed to pay $1500, the principal of the mortgage debt, for a release of the mortgage and a deed of the land. Thereupon the appellees conveyed eighty acres of the land to W. F. Oatis, who paid $400 in cash and made his note and mortgage for $500, and the appellees paid $100 cash and made the note and mortgage in suit for $500, which money, notes and mortgages were then delivered to the appellants, who thereupon released the old mortgage April 25, 1902, but did not make a deed; the release was recorded shortly before this suit was

brought. The appellee, James A. Oatis, paid interest on the new note and mortgage until June, 1904, when he discovered that the appellants never owned the land, and thereafter refused to make further payments. The appellants are nonresidents of this state, and F. A. Lane, father of the F. E. Lane referred to, was their agent in Kansas at the time of these transactions. It was the understanding of the appellants that the adjustment of March, 1902, was an extension of the original indebtedness, and they so treated the transaction; credits were given to appellees for the rents received, and yet at the time the new securities were given there was an arrearage of interest still due upon the old mortgage, which was abated in the adjustment. No part of the principal of that debt has ever been paid.

Upon the foregoing facts, the judgment ought not to stand. The representation that the old mortgage had been foreclosed and that the appellants owned the land resulted finally in no loss to the appellees, for the rents paid by them were credited on their indebtedness and they were undisturbed in their possession. Neither were they in any way injured by the failure of the appellants to cause a conveyance to be made to them pursuant to the agreement of March 1, 1902, conceding it to be as they alleged and as the jury found by their general verdict, that they had never made a deed to the appellants, but always owned the land. They could suffer no loss by the failure of a party to make a conveyance to them who never had any title to convey. While the weight of the evidence appeared to be that they did make a deed, to be held by the appellants or by their agent and to be returned on payment of arrears of interest, their own allegations were to the contrary, supported by the testimony of Mrs. Oatis and sustained by the verdict. If the appellees did make such a deed, their whole contention fails. If they did not, then they held, and still hold, the title;

in either case they have suffered no loss, and having obtained a release of the old mortgage should pay the new one.

The false representations concerning the title made in the year 1896 afford no ground now for any relief not already obtained. Fraud without injury is not actionable. (*Sonnesyn v. Akin and Babcock*, 14 N. Dak. 248; 20 Cyc. 12.) To maintain an action for relief on the ground of fraud it must be shown that the fraud occasioned loss or injury. (*Stinson v. Aultman*, 54 Kan. 537; 18 Am. St. Rep. 561, note.) As appellees were by such misrepresentations induced to rent their own land, they were entitled to have the rents credited on their indebtedness. This was done, and yet by the verdict of the jury they are allowed to recover the rents again. This is inequitable.

The case having been fully tried and all the facts clearly appearing from the evidence contained in the abstracts, only questions of law remain to be decided, and judgment may therefore be directed by this court under section 594 of the civil code. (*Worth v. Butler*, 83 Kan. 513.)

Looking through the forms of these transactions to the substance, accounting, as we may, for discrepancies concerning unimportant details by the lapse of time and failures of memory, it seems clear that the note and mortgage sued upon should be treated as renewals of the original indebtedness and that recovery should be allowed accordingly.

As the appellants alleged and offered evidence that a deed was made by the appellees to Charlemagne Tower, jr., for their benefit, it is equitable and proper, notwithstanding the allegations and testimony of the appellees to the contrary, that the appellants should deposit with the clerk a quitclaim deed conveying the land to James A. Oatis. This will protect the appellees against any possible loss or expense should it be hereafter found that the appellees had in fact ex-

ecuted a deed as claimed and had forgotten the incident. The appellants, being parties to the suit, will by the judgment be barred of any interest in the land they might have under such deed.

The judgment is reversed and the cause is remanded with directions to enter judgment for the plaintiffs for the amount due upon the note and mortgage sued upon and for foreclosure and sale, upon the deposit in court, for the appellees, of a good and sufficient quitclaim deed duly executed and acknowledged by Charlemagne Tower, jr., and wife, conveying the premises described in the original 1500-dollar mortgage to James A. Oatis.