No. 25,385.

Bert Rucker and J. M. Stark, *Appellants,* v. James W. Hagar et al. (James T. Rafter, *Appellee*).

### SYLLABUS BY THE COURT.

Promissory Note—*Negotiated by Delivery—Breach of Statutory Warranties— Limitation of Action.* An action to enforce liability for breach of the statutory warranties of a person who negotiates a promissory note by delivery is an action on contract, to which the provision of the civil code, that a cause of action for relief on the ground of fraud shall not be deemed to have accrued until discovery of the fraud, has no application.

Appeal from Jackson district court; Martin A. Bender, judge. Opinion filed November 8, 1924. Affirmed.

*Guy L. Hursh,* and *J. M. Stark,* both of Topeka, for the appellants.
*A. E. Crane,* of Topeka, and *E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the holders of a promissory note, to recover from a person who had negotiated the note by delivery, and whose name did not appear upon it. A demurrer to the petition was sustained on the ground it did not state a cause of action, and plaintiffs appeal. The question is whether the action was barred by the statute of limitations.

The note was given on October 14, 1913, and was payable four years after date. The makers were James W. Hagar and Lucy A. Hagar, and the payee was David H. Hagar. When offered in evidence, the note bore the following indorsement:

"It is distinctly understod that I, D. H. Hagar, hereby assign this note and mortgage to [Bert Rucker], without recourse on me. And the makers of this note and mortgage shall not be held beyond the value here described.

[Signed] DAVID H. HAGAR."

The action was commenced against the makers and indorser on October 11, 1922. On December 9, 1922, James T. Rafter was made a party defendant. The petition contained three causes of action. The first was directed against the makers. The allegations relating to the title of plaintiffs were: That before maturity the payee negotiated the note to Rafter, with the indorsement upon it copied above, except that the name of the indorsee was not inserted in the blank left for that purpose; that before maturity Rafter sold and delivered the note to Rucker, and inserted Rucker's name in the indorsement; and that afterwards Rucker sold a half interest in the note to Stark. By reference, these allegations were carried into the second and third causes of action. The second cause of action was directed against the payee as indorser. The allegations were: that on the day suit was commenced David H. Hagar informed plaintiffs he had given no consideration for the note, never had it in his possession or disposed of it, and his signature as indorser was a forgery; that if Hagar's statements were not true, they were fraudulent; that before the statements were made plaintiffs had no knowledge of any facts which would impair the validity of the note or render title to it defective; and that Hagar was liable on the statutory warranties. The allegations of notice were carried into the third cause of action, which was directed against Rafter. Plaintiffs charged: That if Hagar's statements were true,

Rafter had knowledge of the facts; that the sale and delivery of the note by Rafter, bearing a forged indorsement, was fraudulent; and that Rafter concealed the forgery from Rucker. The third cause of action then continued as follows:

"That the defendant Rafter warranted by his said acts that said note and the indorsement thereon were genuine and what they purported to be; that he had good title thereto, and that he had no knowledge of any fact which would impair the validity of said note or render it valueless. . . . That by reason of the breach of any of the aforesaid warranties, these plaintiffs are entitled to recover from defendant James Rafter the said sum of $5,150, with interest thereon from October 14, 1913, at ten per cent per annum."

Plaintiffs say in their brief, as they were bound to say in view of the nature of their pleading, that they seek to charge Rafter with liability on the note. The negotiable-instruments law contains the following provision:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided . . ." (R. S. 52-218.)

The only express provision applicable to the case, and the one which the pleaders clearly had in mind when the petition was framed, is the following:

"Every person negotiating an instrument by delivery, or by a qualified indorsement, warrants: (1) That the instrument is genuine and in all respects what it purports to be; (2) that he has a good title to it; (3) that all prior parties had capacity to contract; (4) that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless; but when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee." (R. S. 52-606.)

The action, therefore, is on these warranties. They were breached as soon as made, and a cause of action immediately accrued. They were made before maturity of the note. Rafter was not sued until more than five years after the note matured, and whether the five-year statute or the three-year statute governs (R. S. 60-306, *First, Second*), the action was barred.

Plaintiffs say the warranties contained in the negotiable-instruments law are warranties against fraud, and under the exception contained in the statute of limitations (R. S. 60-306, *Third*), they could sue on the contract of warranty within two years after discovery of the fraud. The action is not one for damages for fraud. No misrepresentation of any kind was ·charged in the petition. The act charged was negotiation of the note, and the allegation

was that by his act Rafter made the warranties specified. Warranty sounds in contract, fraud sounds in tort, and liability predicated on breach of warranty is contract and not tort liability. The assertion that plaintiffs could sue on the contract of warranty within two years after discovery of the fraud must mean that they could sue on the contract of warranty within two years after discovery of the breach of warranty, and consequently does not state the law. The subject received careful consideration in the case of *Railway Co. v. Grain Co.*, 68 Kan. 585, 75 Pac. 1051. The case was argued twice, and the court's conclusion was stated in the second paragraph of the syllabus as follows:

"The provision in subdivision 3 of section 18 of the civil code (Gen. Stat. 1901, § 4446), that a cause of action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud, has no application to an action founded on contract."

While the statement suffers under critical analysis, it is customary to say that when money or property has been obtained by fraud there is an implied contract to make the injured party whole. This fiction of a contract will not, however, give the injured party privilege to sue on the contract after action for relief on the ground of fraud is barred. (*Orozem v. McNeill*, 103 Kan. 429, 175 Pac. 633.) The warranty of one who transfers a negotiable instrument by delivery is as much a contract that enumerated facts in relation to the paper are as promised, as if the warranty were written upon the instrument and were signed by the warrantor. In case of breach of warranty, liability arises from the fact the contract was broken, from the fact the things promised were not as promised, and not from the quality of the breach, whether tainted with fraud or otherwise. Therefore, according to the principle applied in the Orozem case, when the essence of an action is breach of warranty, the fact that the breach may have a tortious aspect will not make the statute of limitations relating to actions for relief on the ground of fraud applicable.

Plaintiffs advance an argument difficult to follow, to the effect that they have a right to Rafter's indorsement (R. S. 52-420), and because they have that right, Rafter is liable on the note as indorser. The argument fails for several reasons. Rafter was sued as warrantor and in no other capacity, and plaintiffs cannot mend their hold in this court. If the indorsement on the note was forged,

Rafter was not "the holder of an instrument payable to his order," within the meaning of R. S. 52-420. If the indorsement on the note was not forged, the indorsement was a qualified indorsement in blank, the instrument was payable to bearer, was transferable by delivery (R. S. 52-405), and plaintiffs were not entitled to Rafter's indorsement. If plaintiffs were entitled to Rafter's indorsement, the indorsement and liability upon it would relate to the time of transfer, and action to enforce the liability was barred by the statute of limitations when Rafter was sued.

Plaintiffs criticize the rule that a petition which discloses on its face that the action is barred by the statute of limitations is demurrable on the ground the petition does not state a cause of action. Whether sound or unsound, the rule has prevailed too long to be judicially discarded now.

The judgment of the district court is affirmed.