No. 26,008.

D. H. HAMILTON, *Appellee,* v. WARD MCGINNIS et al., *Appellants.*

SYLLABUS BY THE COURT.

1. ELECTION OF REMEDIES—*Inconsistency—Repudiation and Ratification of Fraudulent Sale.* A defrauded seller may not elect to rescind the sale and sue for cancellation and restoration, and then, twenty months later, elect to affirm the sale and by amendment of the petition convert the action into one for damages.

2. SAME—*Decision Distinguished.* The true state of the record presented, on which the court approved the commissioner's recommendation that judgment be affirmed in the case of *Stevens v. Matthewson,* 45 Kan. 594, 26 Pac. 38.

3. SAME—*Estoppel—Sufficiency of Presentation.* The proceedings considered, and *held,* estoppel by election of remedy disclosed by the original petition was properly presented by objection to introduction of evidence under the amended petition.

Appeal from Greenwood district court, division No. 1; ALLISON T. AYRES, judge. Opinion filed December 5, 1925. Reversed.

*S. F. Wicker, Gordon A. Badger, Robert C. Clogston,* all of Eureka, and *K. M. Geddes,* of El Dorado, for the appellants.

*A. C. Wilson,* of Wichita, and *A. F. Sims,* of Howard, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Plaintiff recovered judgment for $4,750 as damages sustained on account of fraudulent representations, whereby plaintiff was induced to sell his interest in an oil lease to defendants for $1,300. Defendants appeal, and the question is whether plaintiff was estopped to maintain the action because he had previously elected an inconsistent remedy.

Plaintiff was owner of a one-eighth interest in the oil lease known

1. Election of Remedies, 20 C. J. § 10.   2. Id., 20 C. J. § 26.   3. Id., 20 C. J. §§ 16, 32.

as the Sample lease, the remaining interest being owned by defendants and others. On the evening of April 11, 1922, defendants purchased plaintiff's interest for $1,300. Plaintiff received one check for $500 that evening, and the next morning received a check for $800 bearing the notation, "In payment of interest in Sample lease." Plaintiff cashed both checks. On April 17, plaintiff commenced an action to rescind the sale and to be restored to proprietorship in the lease. The petition alleged that on the day of sale a well was drilling on the Sample lease. He visited the well about 5:30 p. m., and went home. About 8:30 p. m. defendants came to his home and purchased his interest, on the representation there were no new developments, no change of condition since plaintiff was at the well, and defendants were buying for Olin Bitler. In fact, the well had been brought in after 5:30 p. m., was a valuable well, and defendants were buying for themselves. The petition contained an allegation that plaintiff had been damaged in the sum of $20,000, but plaintiff offered to restore the $1,300 he had received for the "pretended sale," prayed that he be restored to his one-eighth interest in the lease, and prayed for an injunction restraining defendants from selling or encumbering the interest. In the alternative, plaintiff prayed that if the one-eighth interest in the lease could not be restored to him, he recover $20,000 and be given such other relief as might be proper.

On April 27 plaintiff filed an amended petition. In stating the fraud, he said he was induced to sell his interest for $1,300 when it was in fact worth at least $40,000. The concluding portion of the petition follows:

"Plaintiff further alleges that, upon learning he had been deceived and defrauded by the defendants as aforesaid, he immediately commenced this action, and offered to return to the defendants, and each of them, the consideration received by him for the assignment of his interest in said lease and oil well, and plaintiff now offers to return to the defendants the $1,300 received by him for the assignment of his interest in said lease and well, and demands the reassignment of said lease or the cancellation of the same by the defendants; and plaintiff is entitled to have said assignment set aside by reason of the foregoing facts.

"Wherefore, plaintiff prays that the assignment of his interest in the aforesaid lease and well be set aside by the court and that he recover his costs therein."

The offer to restore the money plaintiff received, the prayer for restoration to him of his interest in the lease, the prayer for injunction to prevent a transfer which might interfere with restoration

to him of his interest in the lease, and the prayer for alternative relief in the event restoration were impossible, indelibly characterized the first petition as one for pure equitable relief—rescission of a sale induced by fraud, and restoration to plaintiff of ownership of the property which was the subject of sale. The amended petition presented the same cause of action for the same character of relief.

On January 4, 1924, plaintiff filed a second amended petition, the pleading on which the action was tried. He alleged he was induced by fraudulent representations to sell, assign and deliver his interest in the lease to defendants for $1,300; the interest was worth $20,000 at the time he sold, assigned and delivered it to defendants; he suffered a loss of $18,700, and the prayer was for judgment for that sum of money.

From his pleadings it is manifest that, on the showing made by the well just after it was brought in, plaintiff concluded he would keep his interest. Therefore he repudiated the sale, and took the necessary steps to devest defendants of their voidable title. Twenty months later he changed his mind, and concluded he did not want the interest. Therefore he undertook to affirm the sale, confirm title in defendants, and recover damages based on the estimated value of the well at the time of sale. Having discovered that he had been defrauded, plaintiff was privileged to affirm or to disaffirm the sale, but he could not do both, and he could not do first one and then the other. He elected to keep title, and commenced his action accordingly. That exhausted his privilege. Necessity to elect and effect of election in cases of this character were discussed in the recent case of *Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 237 Pac. 932. Certain statements in plaintiff's brief indicate that he misapprehends the decision in that case.

Plaintiff cites the case of *Stevens v. Matthewson*, 45 Kan. 594, 26 Pac. 38. The syllabus reads as follows:

"In an action to recover a balance due on a contract for land, the defendant, in his answer, alleged that he was induced to enter into the contract by false representations respecting the land, made by the plaintiff and his agent, and pleaded a rescission of the contract. Afterward he asked leave to amend his answer so as to allege that the false representations were made with intent to deceive him; that he relied on them, and avers that he was damaged by reason of the land not being as represented in the sum of $1,850, which amendment, over the objection of the plaintiff, was allowed by the court upon condition that the defendant pay the cost in the case, taxed at $75.60, and the cause was then continued until the next term of the court.

*Held,* that such amendment did not prejudice the substantial rights of the plaintiff, and therefore its allowance was not error. (Civ. Code, § 140.)"

The case has no application to the present controversy, because estoppel by previous election of an inconsistent right and remedy was not considered, or made the basis of the decision. The commissioner's opinion contains no discussion whatever of the subject of taking a position which irrevocably fixed ownership in one party to the sale, and subsequent attempt to abandon that position and occupy another based on ownership by the other party. The gist of the decision was that, if a defendant who desires to amend his answer is required to pay costs, and plaintiff is given time to meet the amendment, plaintiff's substantial rights are not affected by allowing the amendment—a pure matter of practice. The court has shown time and again election of remedy is not a matter of practice. Back of the choice of remedy is choice of substantive basis for remedy: Shall the seller be left with title as though no sale had occurred, or shall the sale stand and the buyer keep the goods? The line which separates these two positions is one which a defrauded buyer or seller is not permitted to straddle. He must plant himself on one side or the other. Having chosen where he will stand, he must abide his choice. This is a rule of substantive, not adjective law, founded upon the conviction that justice is satisfied when a defrauded seller or buyer is allowed to affirm or disaffirm the sale as he may choose, but that he should not be allowed to speculate at the other's risk.

The statement in the syllabus and opinion in the Stevens case that defendant pleaded "rescission of the contract," does not adequately present the facts, and is likely to mislead. The original case made discloses the following: The contract of sale was signed on May 3, 1887. The price was $2,250; $400 cash; $600 due November 3, 1887; $625 due May 3, 1888; $625 due November 3, 1888. The contract provided that default in making a deferred payment should mature subsequent installments. The installment due November 3, 1887, was not paid, and suit was commenced on January 10, 1888. The petition pleaded tender of deed, and prayed judgment for $1,850 with interest. The action, therefore, was one in the nature of specific performance. The eighth paragraph of the answer was that, as soon as the fraud was discovered, and on or about May 4, 1887 (the day following the sale), de-

fendant rescinded the contract, tendered to plaintiff every right, interest and privilege derived from plaintiff, and demanded return of the cash payment of $400. The answer did not, therefore, propose a cause of action for rescission, or pray judgment for rescission, but pleaded as a fact a rescission fully accomplished long before plaintiff's action was commenced. Plaintiff denied this fact by his reply. In face of plaintiff's denial that rescission had occurred, defendant simply dropped the eighth paragraph from his answer and, instead of praying for return of the money he had paid, prayed judgment for damages. Plaintiff had chosen to hold defendant to his purchase. Plaintiff denied that a rescission having the effect of restoring to him his title had ever occurred, and he could not be prejudiced by a withdrawal of what he asserted was a false defense. Without doubt, the court had this in mind when it approved the commissioner's recommendation that the judgment be affirmed.

There is a contention that the defense of estoppel by choice of inconsistent remedy was not properly raised. Defendants answered the second amended petition by stating the facts relating to the position which plaintiff had assumed in his original and first amended petitions, and by asserting that plaintiff had thereby elected the remedy of rescission and waived the remedy of damages. On motion of plaintiff, the separate paragraphs of the answers containing this defense were stricken out by the court. When the first witness for plaintiff was called, defendants objected to introduction of evidence in support of the second amended petition, on the ground plaintiff was estopped to maintain the action by reason of election to rescind the contract, disclosed in his previous pleadings. The objection was overruled. The original petition and the first amended petition constituted portions of the record which required no proof. The court took judicial notice of them. The estoppel which they disclosed had once been fully and formally pleaded, and consequently the objection to introduction of evidence was a sufficient and proper means of reasserting estoppel apparent on the face of the record. The error committed in overruling the objection was an error of law occurring at the trial, and error of law occurring at the trial was a ground of the motion for new trial.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the objection to introduction of evidence under the second amended petition.