No. 26,888.

Bert Rucker et al., *Appellants*, v. James T. Rafter, *Appellee*.

SYLLABUS BY THE COURT.

Judgments—*Res Judicata—Action on Implied Warranties as Bar to Action for Fraud.* An action by the transferee against the transferor of a promissory note to recover on the warranties implied by law in the transfer of the note, when prosecuted to final judgment, is a bar against an action between the same parties to recover for fraud practiced in transferring the note.

Appeal from Jackson district court; Martin A. Bender, judge. Opinion filed December 11, 1926. Affirmed.

*Guy L. Hursh, J. M. Stark,* both of Topeka, and *E. R. Sloan,* of Holton, for the appellants.

*A. E. Crane, B. F. Messick,* both of Topeka, *E. D. Woodburn* and *Floyd W. Hobbs,* both of Holton, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiffs appeal from an order overruling their demurrer to the defendant's plea of *res adjudicata.*

The plaintiffs sued James T. Rafter to recover $9,798 damages for fraudulent representations made by him in the sale of a promissory note for $5,150 to the plaintiff, Bert Rucker. The note had been signed by James W. Hagar and Lucy A. Hagar, a one-half interest in which was afterward by the plaintiff, Bert Rucker, sold to the plaintiff, J. M. Stark. The defendant pleaded a former adjudication. The answer contained the following:

"For a second and further defense this defendant alleges that on the 11th day of October, 1922, the plaintiff brought an action in the district court of Jackson county, Kansas, wherein, they were plaintiffs and James W. Hagar, Lucy A. Hagar and D. H. Hagar were defendants, and thereafter by motion of plaintiffs the defendant James T. Rafter was made a defendant therein, and . . . that on April 4, 1923 . . . the plaintiffs . . . filed a second amended petition, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof; that on May 7, 1923, this defendant filed a demurrer to said second amended petition; . . . that on the same day the above demurrer was heard by the court and sustained, and the court thereupon rendered judgment for costs in favor of this defendant and against the plaintiffs therein."

In the action described in the defendant's plea of former adjudication, the plaintiff sought to recover from James W. Hagar and

Judgments, 34 C. J. p. 816 n. 75.

Lucy A. Hagar on the promissory note which, it is alleged in the present action, James T. Rafter sold to Bert Rucker. In the second cause of action in the former case, the plaintiff alleged:

"That these plaintiffs were, on October 11, 1922, informed by the defendant, David H. Hagar, that he had given the makers of said promissory note no consideration therefor; that he had never seen said note up to said last named date, and never had it in his possession; that he had never disposed of said note; and that the signature thereon purporting to be his indorsement is a forgery. These plaintiffs allege that said David H. Hagar is the father of defendant, James W. Hagar, and father-in-law of defendant Lucy A. Hagar; that the claims of said defendant, David H. Hagar, if not true, are fraudulent, and made for the purpose of shielding the makers of said note from payment thereof and of preventing judgment against them thereon; and that by his indorsement of said note as above set forth, and delivery of the same as aforesaid, said David H. Hagar warrants the genuineness of said promissory note and the good faith of taking of the same, and that he has no knowledge of any fact which would impair the validity of said note or render it valueless; and in the event a breach of any of the aforesaid warranties, is liable to these plaintiffs for the payment thereof.

"That the plaintiff, Rucker, at the time he acquired the promissory note sued on herein, had no notice or knowledge of any infirmity in the said promissory note, or of any of the matters herein set forth which would impair the validity of said note or render it valueless, and had no notice or knowledge of any of the facts stated to him by defendant, David H. Hagar, on said October 11, 1922; and had no notice or knowledge of any defect in the title or right of the said James Rafter to negotiate and deliver said note; and delivered to him all of the consideration then agreed by said Rucker to be paid to him for said note. That neither of the said plaintiffs ever had any notice or knowledge of any defect or infirmity in said promissory note or in the title thereof, or any right of said Rafter to transfer the same, prior to October 6, 1922; nor had they any notice or knowledge, prior to said date, of any fact that would cause or did cause them, or either of them to suspect any such defect or infirmity."

In the third cause of action in the first case the plaintiffs alleged:

"That they do not know whether the signature purporting to be that of defendant, David H. Hagar, upon the back of said promissory note is the genuine signature of said defendant or not . . . that the filling in of the name of said Bert Rucker, by defendant, James Rafter, and the sale and delivery of said note by him to said plaintiff as bearing the indorsement of said David H. Hagar, if said indorsement was in fact forged, were false and fraudulent; and that the forgery of the signature of said David H. Hagar concealed from said plaintiff. That the defendant, Rafter, warranted by his said acts that said note and the indorsement thereon were genuine and what they purported to be; that he had good title thereto, and that he had no knowledge of any fact which would impair the validity of said note or render it valueless. That the defendants, James W. Hagar and Lucy A. Hagar are only partially able, financially, to pay said note; that the defendant, David H. Hagar, is

Rucker v. Rafter.

financially able to pay the same, but that by reason of said false and forged indorsement said David H. Hagar is wholly discharged therefrom; that by reason of the breach of any of the aforesaid warranties these plaintiffs are entitled to recover from the defendant, James Rafter, the said sum of $5,150 with interest thereon from October 14, 1913, at ten per cent per annum. And plaintiffs refer to the last paragraph of their second cause of action herein, and make the same part hereof, as if fully incorporated herein."

Judgment was there rendered in favor of the defendant Rafter on his demurrer to the plaintiff's petition. That case found its way to this court, where the judgment was affirmed. The opinion of the court is reported at *Rucker v. Hagar et al.,* 117 Kan. 76, 230 Pac. 70.

The plaintiffs state that the former action was one on contract, to recover for the warranties implied by law on the transfer of the note by Rafter to Rucker, and that in the present action they are seeking to recover for the fraud practiced by Rafter in transferring that note. The transaction on which the plaintiffs sought to recover against Rafter in the former action is the same transaction as the one on which they seek to recover in the present action. The principle involved is discussed and disposed of by *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 242 Pac. 656, where this court said:

"The defense that goods received under a contract to purchase them did not conform to the samples from which the goods were ordered set up and litigated in an action by the seller to recover the purchase price, cannot be again litigated in an action by the buyer to recover the damages caused by the goods not complying with the samples." (Syl.)

In that case the court discussed the rules governing the principle of *res adjudicata,* including the rule declared in *C. K. & W. Rld. Co. v. Anderson,* 47 Kan. 766, 29 Pac. 96, that "when a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated." Every issue connected with the transfer of the note by the defendant to the plaintiffs could have been litigated in the former action. The plaintiffs there sought to recover on a contract of warranty; they cannot now recover for fraud in making specific warranties. In the former action they elected to pursue one remedy and prosecuted it to final judgment. They cannot now pursue another remedy. (*Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304; *Morse v. Grain & Ice Co.,* 116 Kan. 697, 229 Pac. 366; *Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932; and *Hamilton v. McGinnis,* 119 Kan. 719, 241 Pac. 690.)

The judgment is affirmed.