516

No. 33,930

J. A. FLEMING, *Appellant*, v. FRANK L. CAMPBELL, *Appellee*, CHARLES W. GERMAN, CHARLES Z. GERMAN and F. W. BECK (*Defendants*).

(83 P. 2d 708)

Opinion filed November 5, 1938.

*Reginald H. Glandon*, of Kansas City, and *J. T. Jennings*, of Kansas City, Mo., for the appellant.

*T. M. Lillard, Ralph F. Glenn*, both of Topeka, and *Steadman Ball*, of Atchison, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The proceedings to be reviewed in this appeal relate to the pleadings. This is the second appearance of the case. (*Fleming v. Campbell*, 146 Kan. 294, 69 P. 2d 718.) On the former appeal we upheld the judgment of the trial court in sustaining a demurrer to the second cause of action, and the ruling of the trial court in striking out certain portions of the first cause of action. After the mandate of this court went down to the district court the appellant filed his third amended petition.

The first cause of action in the petition which was before this court on the former appeal was on the contract. Certain allegations relating to fraud were stricken. This will appear by a quotation from the former opinion, 146 Kan. 294, 297:

"Other allegations stricken from the first cause of action, and from which ruling an appeal was taken, pertain to the alleged fraud on which the second cause of action was based. That those allegations pertained to fraud is admitted in plaintiff's brief. They were properly stricken from the first cause of action, which was an action for damages on the ground of alleged breach of contract. A cause of action must be drawn on a definite theory. (*Turner v. Jarboe*, 145 Kan. 202, 64 P. 2d 26.) The allegations, if deemed necessary by plaintiff, should have been made in the second cause of action."

The third amended petition appears to be a restatement of the action on the contract as pleaded in the first cause of action in the former suit. The only alteration is that some of the matter stricken has been reincorporated in different form, and allegations of new matter have been inserted. This is set forth in appellant's brief:

"Plaintiff then filed his third amended petition upon the same theory as the previous petitions and upon the same ground, but added some of the allegations theretofore stricken in a different manner and coupled with allegations of new matter not in the original petition, giving the defendant a full and more explicit petition by way of additional facts."

The trial court sustained a motion to strike the allegations which had been formerly stricken and also the new matter not in the original petition. From these orders the plaintiff appeals.

As stated above, it is admitted that some of the allegations stricken have been reincorporated in a different manner. As to such material the general rule is that our action on the former appeal became the law of the case, and the action of the trial court in striking this material is sustained. (*Henry v. Railway Co.*, 83 Kan. 104, 109 Pac. 1005.) There should be a finality to decisions. Courts refuse to reopen what has been decided. In *Messenger v. Anderson*, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152, it was said:

"In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to [re]open what has been decided, not a limit to their power." (Syl. ¶ 2.)

And in a later case (*Southern Ry. Co. v. Clift*, 260 U. S. 316, 319, 43 S. Ct. 126, 67 L. Ed. 283) it was stated: "The prior ruling may have been followed as the law of the case, but there is a difference between such adherence and *res judicata;* one directs discretion, the other supersedes it and compels judgment."

As stated in *Henry v. Railway Co.*, supra, the practice of the courts in refusing to reopen matters once decided is not an arbitrary, inflexible rule. It is, however, a salutary rule to be applied with discretion. We think it should be applied under the facts here presented.

An inspection of the petition discloses that the additional matter in the petition is not confined to ultimate, material, operative facts as required by the code (G. S. 1935, 60-704), but consists of the recital in detail of mere evidentiary matter. Whether a motion to strike such matter should have been sustained was clearly within

the sound discretion of the trial court. As it does not appear that such discretion was abused, the order of the court in striking such evidentiary matter must be sustained.

It follows the judgment must be affirmed. It is so ordered.