No. 41,944

HERMAN P. SCHAUF, *Appellant,* v. PETER KIEWIT & SONS COMPANY, a Corporation, *Appellee.*

(354 P. 2d 687)

Opinion filed August 4, 1960.

*John Callahan,* of Wichita, argued the cause and was on the briefs for the appellant.

*Robert T. Cornwell,* of Wichita, argued the cause, and *Wayne E. Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees,* and *Willard B. Thompson,* all of Wichita, were with him on the briefs for the appellee. *Hugo T. Wedell* and *Homer V. Gooing,* both of Wichita, of counsel.

The opinion of the court was delivered by

PARKER, C. J.: This is an action for property damages sustained as the result of a collision between two motor trucks. The appeal is from an order sustaining a demurrer to plaintiff's fourth amended petition.

A summary of the proceedings had in the court below will insure a proper understanding of the decisive question involved.

Plaintiff commenced this lawsuit by filing a petition predicated on the theory of ordinary negligence. A motion to make definite and certain was sustained thereto and, as a result thereof, plaintiff filed an amended petition and attached a copy of a truck rental agreement entered into between the parties, the contents of which will be presently noted. Defendant then demurred to the amended petition and such demurrer was sustained.

Thereafter, plaintiff filed a first amended petition and a second amended petition. These petitions were subjected to various motions to strike, all of which were sustained and plaintiff proceeded to file his third amended petition. Thereupon defendant demurred to that pleading on the ground it failed to state facts sufficient to constitute a cause of action. When this demurrer was sustained plaintiff did not appeal from that ruling but instead obtained leave to file a fourth amended petition.

Summarized in part, the fourth amended petition states the residences of the respective parties; that plaintiff owned a three-ton truck; that such truck had been leased to defendant under the terms of a lease agreement which, by reference, was made a part of such pleading; that on the day in question defendant's driver was operating plaintiff's truck on a contract job; that just prior to the accident such employee, while driving the leased truck, and another driver, who was driving a truck owned by defendant, were proceeding in opposite directions along a strip, two hundred feet in width, of travel worthy concrete pavement; and that the employee driving plaintiff's truck could not successfully evade the other oncoming truck, with the result a collision occurred and plaintiff's truck was damaged.

Further pertinent provisions of the same pleading read:

"3. Plaintiff has been damaged by the *wanton conduct* of defendant's said employee, driving defendant's vehicle as aforesaid, acting in the course of his employment, in the amount of $8,293.95, which was caused by the defendant's said employee as follows:

"1. Defendant's employee who was operating defendant's vehicle drove it directly at the vehicle owned by plaintiff *outside his traffic lane,* for the accomplished purpose of frightening and distracting the operator of plaintiff's vehicle so as to compel him to change his course of direction.

"2. The collision was caused by the conduct of the defendant's employee operating defendant's vehicle in attempting to play 'chicken' with

the operator of plaintiff's vehicle, which such conduct is and was an attempt to force the operator of plaintiff's vehicle to veer from his course of travel to avoid a collision." (Emphasis supplied.) ·

At this point, for reasons to become apparent, portions of plaintiff's third amended petition, to which the general demurrer was sustained, will be noted. In this connection it may be stated that from the standpoint of the cause of action therein attempted to be pleaded, except for differences of minor importance to be presently mentioned, the allegations of the fourth amended petition are substantially the same as those of the third.

Bearing in mind the quoted portions of the fourth amended petition and considering the provisions thereof, heretofore emphasized in paragraph 3 and subparagraph 1, the first sentence of paragraph 3 of the third amended petition contained the phrase "gross, wanton and wilful negligence" in place of the words "wanton conduct." The phrase "outside his traffic lane" did not appear in the third amended petition. Instead that pleading alleged "defendant's employee who was operating defendant's vehicle intentionally drove it directly at the vehicle owned by plaintiff, for the accomplished purpose of frightening and distracting the operator of plaintiff's vehicle so as to compel him to change his course of direction." The heretofore quoted language of paragraph 3, subparagraph 2, of the fourth amended petition was not included in the third.

As has been heretofore indicated the "Truck Rental Agreement" and/or "Lease Agreement," previously mentioned, was attached to and made a part of the petition as initially amended. Pertinent portions of such agreement read:

"The Contractor will provide public liability and property damage insurance to cover its use of such trucks but is under no obligation to provide any insurance coverage for the Owner. The Contractor shall not be responsible or liable to the Owner for any damage sustained by said trucks while they are rented by the Contractor, regardless of how or by whom such damage is caused."

Having attached the rental agreement to the initial petition plaintiff included that instrument in his first, second, third, and fourth amended petitions by reference only. Thus it appears, that by plaintiff's own action, the trial court in ruling on each attack made against the pleadings just mentioned was required to take judicial notice of pleadings filed earlier in the case, as well as its ruling with respect thereto. This, we may add, was particularly required, when it came to ruling on the demurrer to the fourth amended petition,

by reason of the very nature of the attack made against that pleading.

Upon the filing of the fourth amended petition defendant demurred thereto on the ground that pleading did not state facts sufficient to constitute a cause of action *as held by the order of the court entered on November 2, 1959.* (That being the date of the order sustaining the demurrer to the third amended petition.) This demurrer was sustained. Thereupon plaintiff perfected the instant appeal which, since the notice of appeal did not include any prior rulings or orders, is limited strictly to that ruling.

In his brief and on oral argument, ignoring all prior rulings and orders with respect to the pleadings and wholly disregarding the basic premise on which the demurrer was lodged and sustained against the fourth amended petition, appellant appears to insist the propriety of the trial court's action must be determined in the same manner as if we were here giving consideration to an appeal from an order sustaining a general demurrer to an original petition. The problems presented are not that simple.

In effect for all practical purposes, as appellee contends, the attack made against the fourth amended petition is in the form of a special demurrer, wherein it is specifically pointed out such pleading did not state facts sufficient to state a cause of action, because the trial court had theretofore held factual allegations of similar import did not do so. In other words, such demurrer is to be construed as raising the issue that under the law of the case, theretofore established by the trial court in sustaining the general demurrer to the third amended petition, the fourth amended petition, which contained no new or additional allegations materially affecting the cause of action attempted to be pleaded, also failed to state a cause of action under our decisions.

From the record presented it is clear the demurrer to the fourth amended petition was presented, argued, and determined in the court below on the basic premise to which we have heretofore referred and that such court in reaching its decision the demurrer should have been sustained to that pleading took judicial notice, as it had a right to do (*Baron v. Lyman,* 136 Kan. 842, Syl. ¶ 2, 18 P. 2d 137; *Thayer v. Honeywell,* 7 Kan. App. 548, 549, 51 Pac. 929; *The State v. Bowen,* 16 Kan. [2d Ed.] 475, 477; *Hamilton v. McGinnis,* 119 Kan. 719, 723, 241 Pac. 690), of prior pleadings and

orders made by it in connection with the attacks made against such pleadings.

It is equally clear that, in sustaining the general demurrer to the amended petition, as well as a like demurrer to the third amended petition, the trial court concluded the contract between the parties particularly the portion thereof heretofore quoted, precluded appellant from recovering damages from appellee for the gross, wanton, and wilful negligence charged against the appellee's truck driver hence each of such pleadings failed to state a cause of action.

Appellee insists that under the foregoing circumstances, and others to which we shall presently refer, the trial court's order sustaining the demurrer to the third amended petition is the law of the case and *res judicata* as to all issues raised by that petition. Thus we are faced with an issue which must be determined before any consideration can be given to contentions advanced by appellant in support of his position on appellate review.

In approaching the issue raised by appellee it should be stated at the outset that the ruling sustaining the general demurrer to the third amended petition was an appealable order (G. S. 1949, 60-3302; *Standard Steel Works v. Crutcher-Rolfs-Cummins, Inc.*, 176 Kan. 121, 269 P. 2d 402); and since no appeal was taken therefrom within the time prescribed by G. S. 1949, 60-3309, and error with respect thereto is not specified in the involved notice of appeal, such ruling, under our decisions, is not subject to appellate review. (*Rockhill, Administrator v. Tomasic*, 186 Kan. 599, 602, 352 P. 2d 444; *Neuvert v. Woodman*, 185 Kan. 373, 378, 343 P. 2d 206; *O'Brien v. Jones*, 183 Kan. 170, 326 P. 2d 257; *Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631, and the numerous cases cited in such decisions.)

At this point, in disposing of the issue raised by appellee, the force and effect to be given the ruling sustaining the demurrer to the third amended petition should be established. Throughout the years, and whatever the rule may be elsewhere, this court has held that, unappealed from, such a ruling becomes the law of the case and must be treated as an adjudication the petition in question did not state a cause of action. (See, *e. g., Fleming v. Campbell*, 148 Kan. 516, 517, 83 P. 2d 708; *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 156 Kan. 124, 131 P. 2d 889; *Sanik v. Shryock Realty Co.*, 156 Kan. 641, 645, 646, 135 P. 2d 545; *Turner v. Benton*, 183 Kan. 97, 102, 325 P. 2d 349; *McGee v. City of Kansas City*, 184 Kan. 797, 799, 800, 339 P. 2d 2; *In re Estate of Manweiler*, 185 Kan. 343, 349, 342

P. 2d 730; *Neuvert v. Woodman*, 378, *supra; Rockhill, Administrator v. Tomasic*, Syl. ¶ 4, 604, 605, *supra*. Moreover, it is committed to the rule that, unappealed from, such ruling remains the law of the case in the absence of a changed ruling by the trial court or an amendment to the petition which materially affects the cause of action attempted to be pleaded. (*Hendricks v. Wichita Federal Savings & Loan Ass'n*, 126, *supra; Turner v. Benton*, 102, *supra; In re Estate of Manweiler*, 349, *supra; Neuvert v. Woodman*, 378, *supra.*)

Since it is conceded no appeal was ever perfected from the ruling on the demurrer to the third amended petition (entered on November 2, 1959), and having established that under the existing circumstances such ruling became the law of the case, it remains to be seen if anything happened in the case subsequent to that date to change its legal status. This, as we have previously pointed out, depends (1) on whether the trial court made any change in such ruling and (2) whether the fourth amended petition contained any additional, substantial, material facts which affected the result as against a demurrer. No one contends the trial court made any change in its ruling and the record discloses none, hence we turn to the fourth amended petition. Nothing would be gained by laboring the allegations, heretofore detailed, of that pleading. It suffices to say that after giving consideration to all of its averments we are convinced it contains no additional allegations which materially affected the cause of action attempted to be pleaded. This, we may add, is true of the allegations contained in subparagraph 2, of paragraph 3, of that pleading which merely elaborates on the allegations of prior pleadings to which we have heretofore referred and were obviously included for the purpose of requiring the trial court to either again review and pass upon what it had already determined or ignore its previous ruling on the third amended petition.

With the fourth amended petition construed as just indicated, under the circumstances and conditions heretofore fully related and based on what has been previously stated and held, we have little difficulty in concluding that the ruling on the third amended petition remained the law of the case and that the trial court did not err in sustaining, on the basis therein set forth, the demurrer to the fourth amended petition. In passing it should perhaps be stated that, when tested by the law of the case as previously established

by the trial court, it cannot be said it does not appear from the face of the fourth amended petition that such pleading failed to state a cause of action.

For decisions which, although they cannot be regarded as controlling precedents for the reason they deal with the right and power of trial courts to strike amended petitions and other pleadings from the files because repetitious and requiring the repeated review of what has been previously held and determined, nevertheless support the conclusions here reached and announced see *Fleming v. Campbell,* supra; *Mydland v. Mydland,* 153 Kan. 497, 112 P. 2d 104; *Dwinnell v. Acacia Mutual Life Ins. Co.,* 155 Kan. 464, 126 P. 2d 221; *Fidelity Hail Ins. Co. v. Anderson,* 172 Kan. 253, 239 P. 2d 830; *Farran v. Peterson,* 181 Kan. 145, 309 P. 2d 677; *Rine Drilling Co. v. Popp,* 184 Kan. 13, 334 P. 2d 426; *In re Estate of Manweiler,* supra; *Neuvert v. Woodman,* supra; *Rockhill, Administrator v. Tomasic,* supra.

The judgment is affirmed.