No. 38,472

THE FIDELITY HAIL INSURANCE COMPANY, a Corporation, *Appellant,* v. VICTOR ANDERSON, *Appellee.*

(239 P. 2d 830)

Opinion filed January 26, 1952.

*Ray C. Sloan,* of Hoxie, and *F. C. Norton,* of Salina, were on the briefs for the appellant.

*W. H. Clark,* and *Kenneth Clark,* both of Hoxie, and *Marion W. Chipman,* of Hill City, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action on a promissory note given to plaintiff by defendant for the premium on a hail insurance policy. The appeal is from an order sustaining defendant's motion to strike the plaintiff's second amended petition from the files.

The facts essential to disposition of the appellate issues involved are not in dispute and can be stated briefly.

Following a motion to make its petition more definite and certain plaintiff filed an amended petition. By reference a true copy of the note sued on was made a part thereof. Such pleading also alleged in substance that when received by plaintiff the note called for the payment of $330.25, which was more than the amount of the premium, and that thereafter it placed a credit of $19 on that instrument, thus reflecting the true amount due. Defendant then demurred to the amended petition on the ground it failed to state

a cause of action. Thereafter, the trial court sustained this demurrer on the basis the pleading so challenged disclosed a material alteration of the note sued on, within the meaning of G. S. 1935, 52-906 and 52-907, providing a negotiable instrument is avoided when materially altered without the assent of all the parties thereto, and therefore failed to state a cause of action. Plaintiff took no appeal from this ruling. Instead it filed a second amended petition which, it may be said, contained allegations substantially the same as those set forth in the pleading to which the trial court had theretofore sustained the demurrer. The defendant then moved to strike this pleading from the files for the reason it was repetitious of the amended petition to which the demurrer had previously been sustained. Subsequently the trial court found such pleading was repetitious as charged in the motion to strike and struck the second amended petition from the files. Thereupon plaintiff perfected the instant appeal wherein it now asks this court to hold that the trial court erred in sustaining the defendant's motion to strike the second amended petition from the files.

There can be no doubt under our practice, except in cases where the statute of limitations has run in the meantime, a question not here involved, that a plaintiff who has failed to state a cause of action in his petition and has had a demurrer sustained thereto based upon that ground may file an amended petition so long as such pleading contains additional, substantial, material facts which would affect the result as against a demurrer. However, an entirely different rule prevails where—as here—a demurrer has been sustained to a petition and the plaintiff thereafter and notwithstanding the former ruling files an amended petition with allegations so similar they substantially repeat what is to be found in the earlier pleading and require the court to either again review and pass upon what it has already determined or ignore its previous ruling. In that situation the established rule is that courts in the exercise of their discretionary powers have the right to strike such pleading from the files and that in doing so they act properly and commit no error.

For general statements supporting the foregoing rule see 71 C. J. S., Pleading, § 455 (a) (h) and § 462 (a), where the following statements appear:

". . . There is no error, it has been held, in striking an amended petition where the additional matter set up therein does not entitle plaintiff to

any relief further than, or different from, that demanded in his original petition.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"An amended pleading or a part thereof which is substantially a repetition of a former pleading may be stricken. from the files where the original has already been held bad on demurrer, or on a former motion to strike or to dismiss, although the court may, in its discretion, allow such amended pleading to remain on the files.  The motion to strike will lie even though the former pleading has been withdrawn.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"A pleading which raises no new matter or question not considered and determined under a former motion or writ of error in the case, and is merely repetitious as to such matters, is properly stricken.  Thus, where the issues presented by the allegations of an answer have been previously adjudicated by the ruling of the court on a demurrer to plaintiff's petition or complaint, the answer may properly be stricken on motion.  .  .  ." (pp. 916, 920, 921 and 959.)

See, also, 41 Am. Jur., Pleading, 533 § 356, which states:

".  .  .  And it is a rule generally followed that a motion to strike out a pleading will be granted if its allegations are, in substance, the same as those of former pleadings to which demurrers have been sustained,  .  .  .  But a motion to strike a pleading on the ground that it is identical with one to which a demurrer has been sustained will be overruled if a different cause of action is stated in the amended pleading."

For a few decisions from other jurisdictions directly in point and to the same effect, see *Butler v. Libe,* 81 Neb. 740, 116 N. W. 663; *Butler v. Libe* (Rehearing denied) 81 Neb. 744, 117 N. W. 700; *Neal v. Bank of America,* 93 C. A. 2d 678, 209 P. 2d 825; *Sholes v. Bank,* 82 Colo. 432, 261 Pac. 456; *Hoyt v. Beach,* 104 Iowa 257, 73 N. W. 492; *Wing v. Dist. Twp. Red Oak,* 82 Iowa, 632, 48 N. W. 977.

That this court is in substantial accord with the rule as heretofore stated is definitely indicated by one of its own decisions, *Mydland v. Mydland,* 153 Kan. 497, 112 P. 2d 104, where it is said:

"Where an order sustaining a demurrer to an answer has become final, no appeal therefrom having been taken, an amended answer whose averments differ in no substantial particular as against demurrer is subject to a motion to strike." (Syl. ¶ 1.)

And at pages 499 and 500 of the opinion stated.

"Plainly, the first question which arises is whether the allegations of the amended answer differed materially from those of the original answer, to which the demurrer had been previously sustained.  .  .  .

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

".  .  .  We have carefully compared the allegations of fact contained in the original with those in the amended answer and discern no material dif-

ference in them. The defense pleaded was essentially the same in both answers. No additional, substantial, material facts were alleged in the amended answer which would affect the result as against demurrer. If a demurrer to the original answer was good, a demurrer to the amended answer would have been good. That issue had already been determined when the demurrer to the original answer was sustained. No appeal having been taken from the order sustaining the demurrer, appellant could not again raise the same question by the amended answer, filed after the time for appeal had expired and the term of court in which the order was entered had passed. The motion to strike was a proper one."

See, also, *Dwinnell v. Acacia Mutual Life Ins. Co.*, 155 Kan. 464, 126 P. 2d 221. At page 470 of the opinion, in disposing of an issue similar to the one here involved, we said:

"One remaining question requires only brief comment. Upon careful comparison of the first amended petition as to which a demurrer had been sustained and the second amended petition, remaining, it is clear that they are not substantially different and that the court was correct in sustaining the motion to strike the latter from the files. The same issue had been presented and determined when the previous demurrer was sustained and from that ruling no appeal had been taken. . . ."

Application of the rule announced in the foregoing decisions and legal treatises makes it crystal clear the trial court did not err in sustaining the motion to strike under the related facts and circumstances. What appellant actually sought to do in the court below by filing the repetitious pleading was to have the trial court reconsider its ruling on the demurrer. That question had already been passed upon, under the foregoing decisions, regardless whether the action respecting it had been correct or not, appellant was not authorized as a matter of right to refile a pleading practically identical with one which had been held insufficient and thereby require appellee to again defend and the trial court to review the appealable order ( G. S. 1949, 60-3302, second) theretofore directly involved and determined.

We have held that an order striking an amended petition from the files is a final order and hence appealable (*Hicks v. Parker*, 143 Kan. 763, 57 P. 2d 413 ). However, even though it must be conceded this court in the past has treated some motions to strike as if they were tantamount to a demurrer, it does not follow, as appellant suggests, that all such motions are entitled to be so regarded on appeal. Under the existing facts and circumstances the involved motion is to be considered in its true light, *i. e.*, as a motion to strike a pleading from the files because the allegations

thereof are repetitious and the sole question presented for appellate review is whether, under the rule to which we have heretofore referred, the action of the court below in sustaining it is erroneous. In the instant case, it may be added, decision of that issue hinges upon the action of the court in striking the amended petition from the files, not upon its action in sustaining the demurrer to the appellant's original pleading for there is no appeal from that ruling.

The judgment is affirmed.