No. 41,273

D. G. NEUVERT, *Appellant*, v. K. T. WOODMAN and D. J. IANNITTI, partners d/b/a Woodman-Iannitti Drilling Co., *Appellees*.

(343 P. 2d 206)

Opinion filed August 10, 1959.

Marvin E. Thompson, of Russell, argued the cause, and George W. Holland and Clifford R. Holland, Jr., both of Russell, were with him on the briefs for the appellant.

Boyce P. Hardman, of Great Bend, argued the cause, and Herbert Diets, of Great Bend, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order striking an amended petition from the files.

The facts necessary to a proper understanding of the controversy between the parties, as well as those essential to a proper disposition of the appellate issues involved, are not in dispute and appear from the pleadings and motions, the contents of which should be set forth at length.

Plaintiff, D. G. Neuvert, commenced the action by filing a petition against defendants, K. T. Woodman and D. J. Iannitti. Omitting averments, relating to identity of the parties, legal description of real estate, and the prayer, that pleading reads:

"4. That on July 9, 1956, plaintiff was the owner of valid and subsisting oil and gas leases covering the following described lands and real estate, situate in Barton County, Kansas, to-wit: (Description omitted.)

"5. On said date, plaintiff and the defendants aforesaid, doing business as Woodman-Iannitti Drilling Co., entered into an agreement providing that plaintiff assign unto said defendants, doing business under the firm name and style as aforesaid, said leases covering all of the above described land, reserving, however, unto plaintiff as an overriding royalty a 1/16 of 7/8th of the oil and/or gas produced under said leases on the following described lands in Barton County, Kansas, to-wit: (Description omitted.), and it was further provided in said agreement that plaintiff sell and deliver unto said defendants, doing business as Woodman-Iannitti Drilling Co. all of the 5½" oil string recovered by plaintiff from the pulling of his # 1 Heinze well located on (Description omitted), Russell County, Kansas.

"6. Said defendants in consideration of the assignment of said leases, by plaintiff, and the sale and delivery of said oil string, agreed to start a test well on the acreage hereinabove described, to be assigned by plaintiff, by or before sixty (60) days from July 9, 1956, to a depth sufficient to test the Arbuckle Limestone or 3625 feet, unless oil and/or gas be found above such depth in commercial quantities. That said agreement, dated July 9, 1956, is hereto attached marked 'Exhibit A' and by this reference incorporated herein.

"7. That on July 25, plaintiff executed and delivered to said defendants assignments covering oil and gas leases held by him covering each of the above described lands and real estate to be assigned to said defendants. True and correct copies of which are hereto attached, marked ('Exhibits B to H,' inclusive) and by this reference incorporated herein; that plaintiff performed each and every of the obligations on his part to be performed under the terms of said contract, but that defendants have failed, neglected and refused to drill said test well therein provided for and that by reason thereof, this plaintiff has been damaged in the sum Sixteen Thousand Dollars ($16,000.00), being the reasonable and actual costs for the drilling of a test well as provided in said contract to a depth of 3625 feet."

So far as here pertinent Exhibit "A" of the petition, the agreement entered into by the parties on July 9, 1956, reads:

"This agreement entered into by Woodman-Iannitti Drilling Co. party of the first part and D. S. Neuvert party of the second part.

"The party of the first part agrees to drill a test well somewhere on the following acreage (Here follows legal description of six tracts of land) all in Barton County, Kansas, and the party of the second part will assign to the party of the first part the leases on all of the above described acreage which party of the second part now has and leases are to be free and clear of any indebtedness and override and are to be the full interest, except party of the second part will have 1/16 of 7/8th override on the following acreage (Here follows description of three of the above mentioned tracts of land).

"It is also agreed that party of the second part also agrees to sell to party of the first part all of the 5½" oil string the party of the second part recovers from the pulling of his # 1 Heinze well which is located in . . . Russell County, Kansas, at the rate of $1.50 per foot and footage to be determined by actual tally. It is also understood that party of second part agrees to if in the event the pipe recovered doesn't tally at least 2500 to wait until he or party of first part obtains the shortage before starting the test well above mentioned.

"The party of the 1st part agrees to start a test well on the acreage as described by or before 60 days from date except for reasons beyond their control.

"It is also agreed that party of the second part will have abstract cleared and present to party of first part cleared.

"It is agreed that party of the first part will hold the above mentioned oil string in stock until the above test is drilled. After the above test is drilled and if the pipe is not used in it the party of the first part is free to do with it what ever they choose.

"This agreement becomes binding on party of the first part when the party of the second part delivering of above mentioned pipe to the party of first parts yard at Hoisington."

Exhibits "B" to "H," inclusive, of the petition, are oil and gas lease assignments covering the acreage listed in the second paragraph of the agreement. These were alike in form and each contained the following provision:

"(*Notwithstanding anything herein contained this assignment shall become null and void and of no force and effect unless the assignee herein shall commence or cause to be commenced a test well for oil and/or gas* upon the Northeast Quarter (NE ¼) of Section Ten (10), Township Eighteen (18), Range Fifteen (15), Barton County, Kansas, within Sixty (60) days from and after the date of this assignment." (Emphasis supplied.)

In due course defendants demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action. After a hearing this demurrer was sustained under an order allowing plaintiff ten days in which to amend.

Instead of appealing from the ruling on the demurrer plaintiff filed an amended petition within the time granted by the trial court. This pleading, in all respects, was identical in form and language with the original petition except for the addition of two sentences. These sentences, which were inserted following the semicolon and before the word "that" as they appear in Paragraph Seven of the original petition, heretofore quoted, read:

"That thereafter and prior to the expiration of 60 days from July 9, 1956, it was orally agreed by and between plaintiff and K. T. Woodman, acting for and on behalf of said defendants, and each of them, that said defendants despite any restriction as to the location of said drill site of the test well, to be drilled in accordance with the terms of the contract of July 9, 1956, appearing in said assignments, dated July 25, 1956, could drill said test well on any portion of the acreage and leases so assigned by plaintiff to defendants. That defendants entered into negotiations with various persons, whose names are unknown to plaintiff, except that defendants negotiated with a firm, association or corporation known as Brown-Fortier to invest in the test well to be drilled somewhere on the acreage assigned by plaintiff, and that defendants conducted seismograph operations upon said acreage so assigned by said plaintiff."

Following the filing of the amended petition, in manner and form as indicated, defendants filed a motion to strike that pleading from the files. Such motion, as filed and presented in the court below, is set forth in the abstract. Since, as will presently appear, it discloses the reasons on which that tribunal based its subsequent ruling, and there is some quibble between the parties on that subject, we deem it necessary to quote pertinent portions of the motion. They read:

"Come now the defendants, . . . and moves the court for an order striking from the files the amended petition filed herein for the reason that the matters therein alleged have been fully and finally adjudicated by the ruling of the court made on May 24, 1957, wherein the court sustained the demurrer filed by the defendants to the plaintiff's petition, and the matter is now *res judicata.*

"In support of this motion, the defendants state as follows:

"The demurrer previously sustained by the court was predicated upon the ground that the petition failed to state a cause of action by reason of the forfeiture provision in the assignments attached to the petition as exhibits. The petition and the amended petition are identical except that in the amended petition the plaintiff has added to paragraph seven the following language: (Here follows the allegations, heretofore quoted, included in the amended petition.)

"It is respectfully submitted that this supplementation would in no way alter the reasoning upon which the court sustained the demurrer to the original petition.

"As shown in the argument before the court on the demurrer, under the rule enunciated by our Supreme Court in the case of *State, ex rel. v. Hedrick,* 178 Kan. 135, 139 (1955), where a pleader attaches to his pleading a written instrument upon which his allegations rests, he cannot plead at variance with the terms of that instrument. Both the original petition and the amended petition attached as exhibits the alleged agreement between the parties made on July 9, 1956, and the assignments made by the plaintiff to the defendants. When the petition as well as the amended petition is examined together with the exhibits attached thereto, it will be seen that what the plaintiff has attempted to do is to plead an action predicated upon an unconditional promise to drill a well, where actually there was no such promise. Although the alleged agreement contained an unconditional promise to drill, the assignments attached containing the forfeiture provisions altered the agreement to that of a conditional promise. As stated in our previous argument on the demurrer, we were unable to find a single case where any court had ever permitted a recovery for failure to drill an oil and gas well where there was a forfeiture provision in the lease or the assignment of leases as in the case now before this court. This court sustained the demurrer to the original petition on that ground. The supplementation found in the amended petition obviously does not cure this defect.

"We respectfully submit, therefore, that the attempt of the plaintiff to plead an oral agreement permitting the defendants to drill a test well on any portion of the acreage they desire could in no way effect the reasons for the ruling upon the demurrer to the original petition. Furthermore, the previous decision of the court is not subject to review at this time as the plaintiff acquiesced in the previous judgment of the court by filing his amended petition. Therefore, the amended petition should be stricken from the files as herein prayed for."

After due consideration the trial court, on April 12, 1958, found that the motion to strike the amended petition should be sustained *for the reasons set forth in such motion* and entered its order accordingly. Thereupon plaintiff perfected the instant appeal by giving notice he was appealing from the findings, orders and judgment rendered by the district court on April 12, 1958, and from any and all other adverse rulings.

Appellant's claim the trial court erred in sustaining the demurrer to the petition, on the ground it failed to state a cause of action, should be disposed of at the outset. That ruling was an appealable order (G. S. 1949, 60-3302; *Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.,* 176 Kan. 121, 269 P. 2d 402). No appeal was taken therefrom within the time prescribed by G. S. 1949, 60-3309, and error with respect thereto is not specified in the involved notice of appeal. In that situation it is clear that, under our decisions, such ruling is not subject to appellate review. (See *Kerr v. Carson,* 133 Kan. 289, 291, 299 Pac. 929; *Hamill v. Hamill,* 134 Kan. 715, 717 8 P. 2d 311; *Rodenberg v. Rodenberg,* 149 Kan. 142, 143, 86 P. 2d 580; *Lane v. Franco-Central Oil Co.,* 184 Kan. 789, 339 P. 2d 1; *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 639, 305 P. 2d 849; *Hill v. Lake,* 182 Kan. 127, 318 P. 2d 1050; *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603; *Daniels v. Wood Construction Co.,* 175 Kan. 877, 267 P. 2d 517; *Schindler v. Ross,* 182 Kan. 277, 283, 320 P. 2d 813.) It is equally clear that, under his notice of appeal, appellant is limited to review of the order sustaining the motion to strike his amended petition from the files.

At this point the force and effect to be given the ruling sustaining the demurrer to the petition, while disposing of the appellate issue here involved, may well be noted. Throughout the years this court has held that, unappealed from, such a ruling becomes the law of the case and must be treated as an adjudication the petition in question did not state a cause of action. (See, e. g., *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 156 Kan. 124, 131 P. 2d 889; *Turner v. Benton,* 183 Kan. 97, 102, 325 P. 2d 349; *Lane v. Franco-Central Oil Co.,* 789, 790, *supra; McGee v. City of Kansas City,* 184 Kan. 797, 799, 800, 339 P. 2d 2.) Moreover, it is committed to the rule that, unappealed from, such a ruling remains the law of the case in the absence of a changed ruling by the trial court or an amendment to the petition which materially affects the cause of action attempted to be pleaded. (*Hendricks v. Wichita Federal Savings & Loan Ass'n,* 126, *supra.*) In passing it may be stated that here the trial court made no change in its ruling on the demurrer.

Another claim advanced by appellant is that the court erred in its order of April 12, 1958, in using appellees' motion to strike the petition from the files to test the sufficiency of the amended petition. The premise on which this contention is based is fallacious and wholly unfounded. In the face of the reasons set forth in the

motion and the trial court's action in sustaining such motion *for the reasons therein set forth,* it becomes apparent that tribunal, contrary to appellant's position, gave consideration to and ruled on the motion in its true light, *i. e.,* as a motion to strike the amended petition from the files on the basis its allegations were repetitious, contained no additional substantial facts which would affect the ruling on the original petition, and required it to either ignore its previous ruling or again review and pass upon what it had already determined by that adjudication. By the same token it is obvious an additional argument made by appellant to the effect the trial court may have treated the motion as a demurrer in ruling thereon, thus making the question of the sufficiency of the amended petition subject to review in the instant appeal, lacks merit and cannot be upheld.

Nor can it be successfully argued, as appellant contends, that appellees did not make repetition one of the grounds for the sustaining of their motion to strike. Inherent in a claim of *res judicata,* present in the motion to strike and relied on by the trial court in its ruling sustaining the motion *for the reasons therein set forth,* is the proposition that the same question had been previously ruled on and decided under conditions and circumstances so similar in character that the trial court should not be required to again adjudicate it.

Moreover when faced by the trial court's ruling sustaining the motion to strike *for the reasons therein set forth,* it cannot be denied, indeed we must assume, that tribunal based its decision on the premise that, in sustaining the demurrer to the original petition, it had previously determined and adjudicated such pleading failed to state a cause of action because the forfeiture provision in each of the lease assignments attached thereto created only a conditional promise to drill an oil well which would not support the cause of action therein attempted to be pleaded; and that, since the amended petition contained no additional material facts which would affect its prior ruling, it was not required to again pass upon what it had already determined by its previous adjudication.

Having established the manner in which the trial court treated the motion to strike, and the premises on which it based its ruling with respect thereto, we can now turn to appellant's over-all claim to the effect that, under the confronting conditions and circumstances, the trial court committed reversible error in sustaining the involved motion. As we approach this question it may be

stated that in this jurisdiction its decision does not require that we here plow any virgin field or announce new and startling principles of law.

In *Fidelity Hail·Ins. Co. v. Anderson*, 172 Kan. 253, 239 P. 2d 830, while dealing with a like question, involving conditions and circumstances so similar that decision can almost be said to be a controlling precedent, we held:

"Where a demurrer has been sustained to a petition on the ground it fails to state a cause of action and the plaintiff files an amended petition containing allegations so similar they substantially repeat what was set forth in the original pleading a trial court does not commit error in sustaining a motion to strike the amended pleading from the files." (Syl.)

And in the opinion said:

"There can be no doubt under our practice, except in cases where the statute of limitations has run in the meantime, a question not here involved, that a plaintiff who has failed to state a cause of action in his petition and has had a demurrer sustained thereto based upon that ground *may file an amended petition so long as such pleading contains additional, substantial, material facts which would affect the result as against a demurrer.   However, an entirely different rule prevails where—as here—a demurrer has been sustained to a petition and the plaintiff thereafter and notwithstanding the former ruling files an amended petition with allegations so similar they substantially repeat what is to be found in the earlier pleading and require the court to either again review and pass upon what it has already determined or ignore its previous ruling.   In that situation the established rule is that courts in the exercise of their discretionary powers have the right to strike such pleading from the files and that in doing so they act properly and commit no error."* (p. 254.) (Emphasis supplied.)

The opinion in the above case is replete with authorities supporting what is there said and held.   For that reason, and to avoid burdening our reports with undue citation of authorities, we make pages 254, 255 and 256 of that opinion a part of this opinion by reference.

For a more recent decision of similar import see *Farran v. Peterson*, 181 Kan. 145, 150, 309 P. 2d 677.   See, also, *Rine Drilling Co. v. Popp*, 184 Kan. 13, 19, 20, 334 P. 2d 426, where, as in the Farran case, *Fidelity Hail Ins. Co. v. Anderson*, supra, is cited with approval and the syllabus quoted at length.

Based on what has been heretofore stated and held we are satisfied (1) that the record presented establishes that the trial court sustained the demurrer to the original petition solely on the premise the forfeiture provision included in each of the assignments, attached to and made a part of that pleading, precluded appellant's

recovery for failure to drill a well, hence such pleading failed to state a cause of action; (2) that the only allegations added to the amended petition, *i. e.*, of an oral release by the appellant of the restriction in the lease assignments of the location for the drilling site and the fact appellees had engaged in certain activities preliminary to actual drilling, did not affect or change the forfeiture provision contained in any of the assignments; (3) that, since they did not do so, such allegations failed to add any material facts to the amended petition which would affect the result as against a demurrer; and (4) that, for all practical purposes, the filing of the amended petition in form, as heretofore described, required the trial court to either again review and pass upon what it had already determined or ignore its former ruling.

Furthermore, in view of what has just been stated and for other reasons set forth at length in the opinion, we are convinced the rule, announced and adhered to in the decisions, to which we have last above referred, is applicable and that application thereof compels a conclusion the trial court did not commit reversible error in sustaining the motion to strike under the heretofore related conditions and circumstances.

In reaching the conclusion just announced we have not been unmindful of decisions relied on by appellant holding that under our code of civil procedure great liberality is allowed in the amendment of pleadings. Quite true. The difficulty, from his standpoint, in this case, is that in this jurisdiction it is well-established such rule is not to be extended to the point where—as here—the confronting conditions and circumstances are such they make it appear the purpose to be served by the filing of the amended pleading is to require the trial court to either again review or else ignore the unappealed from appealable order theretofore directly involved and determined.

Finally it should be stated, as we have heretofore pointed out, this appeal is limited to a review of the order sustaining the motion to strike the amended petition from the files. It follows we have no right to reach out and here determine questions raised by appellant, touching the sufficiency of the amended petition, which, in final analysis, seek to have this court review the propriety of the trial court's order sustaining the demurrer to the original petition.

The judgment is affirmed.