Nos. 42,020 and 42,054

Dan A. Hodge, *Appellant*, v. Arthur T. Freeman, Earl Wakefield, Jack Yetman, Albert Hayutin and Lyndon Gamelson, *Appellees*.

(359 P. 2d 845)

Opinion filed March 4, 1961.

*George E. Grist,* of Wichita, argued the cause, and *Lester Wilkinson* and *Tom Harley,* of Wichita, were with him on the briefs for appellant.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* of El Dorado was with him on the briefs for appellee Earl Wakefield.

The opinion of the court was delivered by

FATZER, J.: The plaintiff's petition in the court below contained two causes of action. The first sought to recover money due under a written contract entered into with one Jack Yetman on September 24, 1957, which was in part assigned to defendants Arthur T. Freeman, Albert Hayutin, Lyndon Gamelson and Earl Wakefield, for the purpose of managing, handling and promoting the plaintiff as an amateur and professional boxer and wrestler. The second sought to require the defendants to account to him for 50 percent of the net proceeds of "the gate" received by them as result of his five professional fights. Earl Wakefield is the sole appellee, hereafter referred to as the defendant.

The defendant filed a motion to strike certain portions of the petition and to make other allegations definite and certain. On September 21, 1959, the trial court sustained the portion to strike in part and the portion to make definite and certain *in toto.* On October 9, 1959, the plaintiff complied with the trial court's order and filed his first amended petition containing two causes of action. The defendant filed his demurrer upon the ground that it failed to state facts sufficient to constitute a cause of action.

On January 4, 1960, the trial court sustained the demurrer and granted the plaintiff 20 days to further plead. On January 27, 1960, he filed his second amended petition containing one cause of action

in which he sought to recover the money alleged to be due; an accounting of profits, and a cancellation of the contract.

On February 13, 1960, the defendant filed his motion to strike the second amended petition from the files and in the alternative to require the plaintiff to separately state and number his causes of action. One of the grounds of the motion to strike was that the second amended petition did not contain any additional, substantial, material facts which would affect the result as against a demurrer, but, to the contrary, omitted substantial, material facts which were alleged in the first amended petition.

On February 29, 1960, the trial court sustained the defendant's motion to strike the plaintiff's second amended petition from the files for the reasons set forth in the motion.

On March 4, 1960, the plaintiff perfected two appeals. Appeal No. 42,020 is from two orders of the trial court: one sustaining the defendant's demurrer to the first amended petition on January 4, 1960, and the other sustaining the defendant's motion to strike and to make definite and certain on September 21, 1959. The second appeal, No. 42,054 is from the order of February 29, 1960, striking the second amended petition from the files. Since both appeals were from the same litigation in the court below they were consolidated.

The defendant first contends that no final order is presented for appellate review and that the appeal should be dismissed.

The notice of appeal in case No. 42,020 was filed within 60 days after the demurrer was sustained on January 4, 1960, but in sustaining the demurrer, the trial court granted the plaintiff "leave to file a second amended petition within 20 days from this date." Since the plaintiff acquiesced in and complied with that order by filing his second amended petition, he is now precluded from prosecuting an independent appeal therefrom. In *Farran v. Peterson*, 181 Kan. 145, 309 P. 2d 677, this court said:

"G. S. 1949, 60-761, provides that if a demurrer be sustained the adverse party may amend if the defect can be remedied by way of amendment. At the time it sustained the demurrers to the second amended petition the trial court granted plaintiff twenty days within which to amend. Plaintiff acquiesced in that order and within time filed her third amended petition. In *Harmon v. James*, 146 Kan. 205, 69 P. 2d 690, it was held:

" 'Where a demurrer to a petition is sustained and the plaintiff is given time within which to file an amended petition, and subsequently, with the consent of the trial court, does file an amended petition, the plaintiff cannot, while the amended petition is pending, appeal from the order sustaining the demurrer.' (Syl. 1.)

"A somewhat analogous situation was presented in *Baldwin v. Fenimore,* 149 Kan. 825, 89 P. 2d 883, in which it was said that the plaintiff may not complain nor may the defendant take advantage of the ruling on the demurrer because of the fact that at the time of the ruling time to plead further was given, and under such circumstances there was no final judgment.

"Under the circumstances, we think the ruling on the demurrer to the second amended petition is not properly before us for review for the reason that plaintiff's action in filing the third amended petition, pursuant to the court's permission so to do, constituted, from a practical standpoint, an acquiescence in the judgment and ruling." (l. c. 149.)

See, also, *Miles v. Hamilton,* 106 Kan. 804, 189 P. 926, and 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 70, p. 105 for a list of our many cases to the same effect.

Neither do we think the order of September 21, 1959, sustaining the defendant's motion to strike and to make definite and certain presents a final order for appellate review. That order was reviewable in the timely appeal from the ruling on the demurrer under G. S. 1959 Supp., 60-3314a since the notice of appeal specified it as one of the orders from which the appeal was taken. (*Holmes v. Kalbach,* 173 Kan. 736, 740, 741, 252 P. 2d 603.) But, as we have seen, the appeal from the order sustaining the demurrer is not properly before us for review since the plaintiff acquiesced and complied with the order of January 4, 1960, by filing his second amended petition.

A motion to strike and to make definite and certain is, of course, addressed to the sound discretion of the trial court and orders sustaining or overruling such motions are not appealable under G. S. 1949, 60-3302 and 60-3303 unless they are final, affect a substantial right, or, in effect, determine an action. (*Meek v. Ames,* 175 Kan. 564, 266 P. 2d 270; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 352 P. 2d 444.)

It is unnecessary that we detail the motion to strike and to make the petition definite and certain. Suffice it to say in sustaining the motion, only the word "promotion" was stricken from the fourth paragraph of the first cause of action, and the plaintiff was required to set forth the dates and places of all his amateur boxing exhibitions before he turned professional. Clearly, that order did not affect a substantial right, or determine the action, and, standing alone, it is not an appealable final order as contemplated by G. S. 1949, 60-3302 and 60-3303. Moreover, the order was made on September 21, 1959, and the notice of appeal was not filed until March

4, 1960; hence, the appeal was not timely perfected. (*Allbritten v. National Acceptance Co.,* 183 Kan. 5, 325 P. 2d 40.)

We now turn to appeal No. 42,054. Did the trial court err in sustaining the motion to strike the second amended petition? As previously indicated, the second amended petition combined the two causes of action contained in the former petitions into one cause of action and omitted facts and exhibits previously alleged. The most important omission concerned paragraph 8 of the first cause of action of the first amended petition which had been amended to conform to the court's ruling on the motion to make definite paragraphs 4 and 5 of the petition. That paragraph was replaced by paragraph 9 of the second amended petition which not only contained no new, substantial or material allegations not contained in paragraph 8, but omitted Exhibits E and F setting forth the plaintiff's attempt to disaffirm the contract. Gone, too, is paragraph 2 of the second cause of action in the first amended petition which had been inserted to comply with paragraphs 4, 8 and 11 of the motion to make definite and certain. Also, the second cause of action for an accounting is not separately stated and numbered in the second amended petition as it was in the original and first amended petitions but the substance of the second cause of action appears as paragraphs 10, 11 and 12 in the second amended petition, and the prayer was for the combined relief sought in the two previous causes of action.

It is apparent that if the second amended petition is permitted to stand, the litigants and the trial court will be right back where they started—indeed, a step behind. This court is firmly committed to the rule that the trial court cannot be required to either again review and pass upon what it has already determined or ignore its previous ruling. (*Fidelity Hail Ins. Co. v. Anderson,* 172 Kan. 253, 239 P. 2d 830.)

The case at bar is very similar to *Neuvert v. Woodman,* 185 Kan. 373, 343 P. 2d 206, wherein it was said:

"Moreover when faced by the trial court's ruling sustaining the motion to strike *for the reasons therein set forth,* it cannot be denied, indeed we must assume, that tribunal based its decision on the premise that, in sustaining the demurrer to the original petition, it had previously determined and adjudicated such pleading failed to state a cause of action . . . and that, since the amended petition contained no additional material facts which would affect its prior ruling, it was not required to again pass upon what it had already determined by its previous adjudication." (1. c. 379).

. . . . . . . . . . . . . .

"In reaching the conclusion just announced we have not been unmindful of decisions relied on by appellant holding that under our code of civil procedure great liberality is allowed in the amendment of pleadings. Quiet true. The difficulty, from this standpoint, in this case, is that in this jurisdiction it is well-established such rule is not to be extended to the point where—as here—the confronting conditions and circumstances are such they make it appear the purpose to be served by the filing of the amended pleading is to require the trial court to either again review or else ignore the unappealed from appealable order theretofore directly involved and determined." (1. c. 381.)

The second amended petition not only failed to add any substantial, material facts, but it actually omitted material facts pleaded in the first amended petition. In *Rockhill, Administrator v. Tomasic,* supra, it was said:

". . . the amended answer alleged precisely the same purported affirmative defense as that stricken from the original answer, only *less* perfectly. Not only did the amended answer not contain any additional, substantial, material facts, but it omitted the first two paragraphs contained in the original answer. Both answers described and identified the widow's action and alleged that, by reason of a trial and verdict rendered upon the issues drawn in that action, the plaintiff was barred and estopped from maintaining the instant action. The only effect of the amended answer was an attempt to replead allegations and assert a defense which previously had been considered and ruled upon by the district court in its order of March 23, 1959. The amended answer and the second motion to strike presented no new questions of law not previously ruled upon. Consequently, the district court did not err in sustaining the second motion to strike." (1. c. 604, 605.)

The order striking the second amended petition was the only ruling possible if the court was not to be required to either again review and pass upon what it had already determined, or ignore its previous ruling. No error was committed in striking the second amended petition from the files.

Conclusions here announced require the dismissal of appeal No. 42,020, and the affirmance of appeal No. 42,054.

It is so ordered.