No. 43,961

Mary H. Grohusky, *Appellant*, v. Atlas Assurance Company, Ltd., *Appellee.*

(399 P. 2d 797)

Opinion filed March 6, 1965.

*J. W. Mahoney,* of Kansas City, argued the cause and was on the brief for the appellant.

*Everett Fritz,* of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal is from an order striking a second amended petition from the files.

On November 27, 1961, plaintiff, Mary H. Grohusky, filed her petition. Briefly summarized, it alleged the following:

Plaintiff and her husband suffered a loss to their home by fire. Defendant insurance company was the insurer thereof. In settlement of the loss defendant delivered its check, dated November 6, 1961, to plaintiff and her husband in the amount of $217.04. Plaintiff's husband was the payee of the check. Plaintiff deposited the check in the joint bank account maintained by her and her husband. On the strength of the deposit so made, plaintiff wrote checks on the bank account in payment of personal bills owed by her and her husband. In the meantime and on a date not shown, defendant company, in utter disregard of the rights of plaintiff, stopped payment on its check given in settlement of the fire loss. The effect of this was that the personal checks written by plaintiff were dishonored on the ground of "insufficient funds." She and her husband were obliged to borrow the sum of $217.04 in order to prevent other personal checks from being dishonored by their

bank. As a result, plaintiff suffered humiliation and embarrassment and was forced to undergo medical treatment of her nervous system. Recovery was sought in the amount of $5,000 actual damages, and $4,000 as punitive damages, and for a reasonable attorney's fee.

On January 5, 1962, defendant filed motions to strike, or in the alternative, to make allegations of the petition definite and certain. The motions were denied in part and sustained in part. Although not set out in the record, it appears that plaintiff then filed an amended petition.

On July 9, 1963, defendant filed a demurrer to the amended petition on the ground that such pleading failed to state a cause of action in that plaintiff, not being the payee of the check in question, was not the real party in interest.

On July 26, 1963, defendant's demurrer was sustained and the pertinent portion of such order reads—

"The Court, upon examination of the pleadings, hearing arguments of counsel, and being fully advised in the premises, finds that said demurrer should be sustained, and that plaintiff is not the real party in interest; she not being the payee of the check dated November 6, 1961."

On September 11, 1963, plaintiff filed a second amended petition. Except for a few additional allegations not here material, this petition was identical to the two previous petitions. On September 16, 1963, defendant filed a motion to strike the second amended petition from the files for the reason that its demurrer—on the ground that plaintiff was not the real party in interest—was sustained on July 26, 1963 and therefore no cause of action was pending, and on the further ground that no leave of court was obtained to file the second amended petition.

On December 3, 1963, the trial court advised counsel that it could not accept plaintiff's theory of the case and that there existed no cause of action in her favor against defendant.

On December 4, 1963, an order was entered sustaining defendant's motion to strike the second amended petition, and on January 22, 1964, plaintiff filed her notice of appeal from that order.

In their briefs the parties discuss a number of matters, and, in particular, plaintiff argues at length in support of her contention that she can maintain the action—although she was not the payee of the check in question. We believe, however, that under the record that question is not before us, and that the solution to the matter presented is quite simple.

Unless otherwise noted, all references are to G. S. 1949.

As here material, 60-401 provides that every action must be prosecuted in the name of the real party in interest.

Under 60-705 the fact that a plaintiff has no legal capacity to sue is a ground of demurrer.

Under 60-3302 an order sustaining a demurrer is appealable.

Under the provisions of 60-3309 it is required that an appeal be perfected within two months from the date of the order from which the appeal is taken.

Here it was proper for defendant to raise the question of plaintiff's right to maintain the action by demurrer (*Federal Savings & Loans Ins. Corp. v. Hatton,* 156 Kan. 673, 678, 135 P. 2d 559; *Gibbs v. Central Surety & Ins. Corp.,* 163 Kan. 252, 259, Syl. 3, 181 P. 2d 498). It did so—and on July 26, 1963 the trial court sustained the demurrer to the amended petition on the ground that plaintiff was not the real party in interest. Right or wrong—that ruling, from which no appeal was taken, became the law of the case (*Sanik v. Shryock Realty Co.,* 156 Kan. 641, 645, 646, 135 P. 2d 545; *Neuvert v. Woodman,* 185 Kan. 373, 378, 343 P. 2d 206) and, for all practical purposes, disposed of the law suit. Instead of appealing, plaintiff filed a second amended petition which, for all material purposes, was identical to her two previous petitions. This being so, the court properly struck the second amended petition. (By way of analogy, see *Mydland v. Mydland,* 153 Kan. 497, Syl. 1, 112 P. 2d 104, and *Fidelity Hail Ins. Co. v. Anderson,* 172 Kan. 253, 239 P. 2d 830.) G. S. 1961 Supp., 60-3314a is of no help to plaintiff.

The order of December 4, 1963, striking the second amended petition is affirmed.