No. 69,050

STATE OF KANSAS, *Appellant*, v. GEORGE J. FINICAL, *et al.*, *Appellees*.

(867 P.2d 322)

Opinion filed January 21, 1994.

*Steven B. Doering*, special prosecutor, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Donald R. Hoffman*, of Tilton & Hoffman, of Topeka, argued the cause and was on the brief for appellee George J. Finical.

*Evelyn Zabel Wilson*, of Wright, Henson, Somers, Sebelius, Clark & Baker, of Topeka, argued the cause and was on the brief for appellee Harry L. Hunsley.

*Gaylord Reichart*, of Reichart & Soltz, of Overland Park, was on the brief for appellee Glenn Birk.

*J. Roy Holliday, Jr.*, of Speer, Austin, Holliday & Zimmerman, of Olathe, was on the brief for appellees Simmons Quarries, Inc., *et al.*

*Steven L. Davis*, of Patton, Davis & Putnam, of Emporia, was on the brief for appellee Melvin Cummings.

*Don C. Krueger*, of Krueger & Huth Law Offices, of Emporia, was on the brief for appellee Melvin Bunge.

*Jeffry J. Larson*, of Krueger Law Offices, Chartered, of Emporia, was on the brief for appellee Vernon Sergeant.

The opinion of the court was delivered by

DAVIS, J.: The State appeals the dismissal of nine indictments in eight separate actions. The eight separate actions were consolidated below for the purposes of the defendants' motion to

dismiss and again for purposes of this appeal. We deny the appeal of the State for reasons set forth in this opinion.

On May 12, 1992, pursuant to K.S.A. 22-3001(2), a petition for a grand jury was filed in the district court of Coffey County. K.S.A. 22-3001(2) permits the electors of a county to petition the court to summon a grand jury. After a petition is filed with the clerk of the court, the clerk must transmit it to the county election officer, who verifies the signatures and returns it to the clerk of the court, stating the number of qualified electors in the county and the number of votes cast in the county for governor in the last election. Thereafter, "[t]he judge or judges of the district court of the county shall then consider the petition and, if it is found that the petition is in proper form and bears the signatures of the required number of electors, a grand jury shall be ordered to be summoned."

The defendants do not challenge the validity or sufficiency of the signatures on the petition for a grand jury. On May 18, 1992, District Magistrate Judge Philip M. Fromme issued an order finding that the petition was in proper form and bore the signatures of the required number of electors. He then ordered that "a Grand Jury be summoned in Coffey County, Kansas, to investigate alleged violations of law pursuant with the provisions of K.S.A. 22-3001, *et seq.*"

On August 19, 1992, that grand jury handed down indictments against George Finical, Harry L. Hunsley, Melvin Bunge, Vernon Sergeant, David Beard, Johnnie Sleezer, and Melvin Cummings. Those cases were assigned to District Judge John Sanders. Defendant David Beard entered a plea of no contest, which was accepted by the court. This indictment is not at issue in this appeal.

All other defendants filed a motion to dismiss before Judge Sanders, claiming that the "Grand Jury was not properly impaneled in compliance with the law." Upon hearing, Judge Sanders concluded that K.S.A. 22-3001 required that a grand jury be summoned by "a majority of the district judges of the district, in order to be properly constituted and empowered to act." Judge Sanders therefore dismissed all indictments. The State did not appeal from Judge Sanders' order of dismissal.

District Magistrate Judge Philip M. Fromme, upon request by the State, extended the grand jury's term beyond three months under K.S.A. 22-3013. On September 23, 1992, this same grand jury issued new indictments against the following six individuals indicted in August: Finical, Hunsley, Bunge, Cummings, Sleezer, and Sergeant. It also issued indictments against the following four additional defendants: Simmons Quarries, Inc., Neil Simmons, Mary Simmons, and Glenn Birk. All defendants moved to dismiss, and the cases were assigned to Judge Stevenson, who consolidated them without objection for the purpose of hearing various motions, including the motion to dismiss that is the subject of this appeal.

On December 7, 1992, Judge Stevenson dismissed the indictments. He stated, "[I]t does not appear that any change was made concerning the Grand Jury with the exception of extending the life thereof." Judge Stevenson noted that K.S.A. 22-3602(b)(1) provides for the State's appeal from any order dismissing an indictment. Because Judge Sanders ruled that the indictments issued from the grand jury were void and the grand jury was not reconvened or altered after his ruling, Judge Stevenson stated that he had no alternative but to dismiss the indictments before him.

We agree with Judge Stevenson's decision. We hold that the State's failure to appeal from Judge Sanders' dismissal of the first indictments bars its appeal of Judge Stevenson's order dismissing the second group of indictments.

There is no dispute in this case that Judge Sanders dismissed the indictments in the first series of cases because he found a flaw in the manner in which the grand jury was summoned. The State contends, however, that Judge Sanders' order had no effect on the cases now before the court and that Judge Sanders' order did not require or support Judge Stevenson's dismissal of the indictments in this case. Defendants argue that Judge Sanders determined the validity of the indictments issued by the improperly convened grand jury and that the State could not revisit that issue before Judge Stevenson.

"The right to appeal is entirely statutory . . . . Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner

prescribed by applicable statutes." *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (1990). K.S.A. 22-3602(b) permits the State to appeal only in limited circumstances, including an appeal "(1) [f]rom an order dismissing a complaint, information, or in-. dictment." Rather than appealing Judge Sanders' decision, the State chose to return to the same grand jury and seek additional indictments.

We have held that "[t]he dismissal of a complaint in a criminal prosecution is a final order and precludes further prosecution of the defendant unless the State should overcome the reasons for the prior dismissal at a subsequent preliminary examination on a refiled complaint." *State v. Zimmerman & Schmidt*, 233 Kan. 151, 155, 660 P.2d 960 (1983). The State did not appeal Judge Sanders' decision, and the State took no action to "overcome the reasons for the prior dismissal." Judge Sanders dismissed the indictments because he found the grand jury was not properly convened. The State simply returned to the same grand jury and sought additional indictments against the same and additional defendants.

When the State chose not to appeal Judge Sanders' ruling that the grand jury was not properly convened and lacked authority to issue valid and enforceable indictments, Judge Sanders' ruling became the law of the case. We repeatedly have held that when an appealable order is not appealed it becomes the law of the case. See, *e.g.*, *Vaughan v. Hornaman*, 195 Kan. 291, 403 P.2d 948 (1965) *Grohusky v. Atlas Assurance Co.*, 194 Kan. 460, 399 P.2d 797 (1965); *Hodge v. Freeman*, 187 Kan. 650, 359 P.2d 845 (1961); *Schauf v. Peter Kiewit & Sons Co.*, 187 Kan. 180, 354 P.2d 687 (1960); *Neuvert v. Woodman*, 185 Kan. 373, 343 P.2d 206 (1959).

As stated in *Neuvert*, our decision "does not require that we here plow any virgin field or announce new and startling principles of law." 185 Kan. at 380. The State did not timely appeal Judge Sanders' order. The time to appeal that order has expired. Judge Sanders' ruling determined that the grand jury was not properly convened and lacked authority to issue indictments. It therefore became the law of the case not only with respect to indictments issued against Finical, Hunsley, Bunge, Cummings,

Sleezer, and Sergeant, but with respect to all indictments issued by that grand jury.

The State's failure to appeal the dismissal of indictments based on the trial court's determination that the grand jury was not properly convened and lacked the authority to issue indictments forecloses a later appeal involving the dismissal of new indictments issuing from that same grand jury. The State is bound by the earlier ruling.

Appeal denied.