NOT DESIGNATED FOR PUBLICATION

No. 116,021

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY J. STOVALL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed August 3, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: A Shawnee County jury convicted Ricky J. Stovall of rape of a child under 14 years old and rape of a victim overcome by fear or force. The district court imposed consecutive aggravated guideline sentences for a controlling sentence of 473 months in prison, to be served consecutively with two earlier sentences from Lyon County.

Stovall appeals, alleging the district court erred when it instructed the jury on the standard of proof to apply in deciding on the existence of factors that would have tolled

the running of the statute of limitations. For the reasons we explain below, we find no error and affirm.

FACTS AND PROCEDURAL BACKGROUND

On April 11, 2006, the State charged Stovall with one count of rape of a child under 14, one count of rape when the victim was overcome by force or fear, and an alternative count of aggravated indecent liberties with a child.

The charges were based on evidence that Stovall began having sexual intercourse with his biological daughter, N.D.S., born in March 1985, shortly after she turned 12 years old. The evidence showed Stovall's sexual abuse and sexual intercourse with N.D.S. continued on a regular basis until the child went to live with her mother just before her 15th birthday in March 2000. After she moved in with her mother, N.D.S. entered into a long-term relationship with a young man and gave birth to a child in early December 2000. N.D.S. and the young man separated in 2005 and, as part of a benefits determination, the Kansas Department of Social and Rehabilitation Services required information about the minor child's paternity. A DNA test revealed in January 2006 that, contrary to N.D.S.'s belief, the young man with whom she had the relationship was not the child's biological father. At that point, N.D.S. realized her own father, Stovall, was also her child's father.

N.D.S. went to the police to report her child had been conceived during a rape by her father when she was 14 years old. N.D.S. told police she had not come forward earlier because Stovall regularly beat her and had told her repeatedly during the time he was sexually abusing her that he would kill her if she told anyone. She said the last time Stovall raped her was shortly before her 15th birthday and right before he had to go back to prison for a parole violation. During the course of the police investigation, a DNA sample was taken from Stovall and, on April 3, 2006, the police received confirmation that there was a 99.99% probability that Stovall was the father of N.D.S.'s child.

2

The State's complaint alleged N.D.S. was under the age of 15 at the time of the crimes and that Stovall prevented her from reporting the crimes by threatening her. The complaint also asserted Stovall's identity as the perpetrator of the crimes was conclusively established through DNA testing.

In January 2007, Stovall filed a pretrial motion to dismiss the charges against him on the basis of the five-year statute of limitations. After four hearings on the matter, the district court found Stovall's motion should be denied on two bases: (1) the statute of limitations was tolled because Stovall, as N.D.S.'s parent, prevented N.D.S. from reporting the crimes; and (2) a provision extending the period of limitations by one year following conclusive establishment of the identity of a suspect through DNA testing was applicable.

The case proceeded to trial in September 2007. The jury instructions for that trial did not include an instruction regarding the tolling of statute of limitations, and the record shows Stovall made no request for such an instruction.

The jury found Stovall guilty on all counts. Stovall appealed solely on the question whether a conflict for his trial counsel prejudiced his Sixth Amendment right to counsel. In 2013, the Kansas Supreme Court agreed with Stovall, reversing and remanding the case to the district court for a new trial with new, conflict-free counsel. *State v. Stovall*, 298 Kan. 362, 379, 312 P.3d 1271 (2013).

Prior to his retrial in 2014, Stovall again raised the issue of the statute of limitations in another motion to dismiss. As in 2007, the district court denied the motion, finding the statute of limitations was tolled by parental action to prevent reporting and the limitations period was extended when DNA evidence identified Stovall as the suspect. However, the district court also found the jury should decide whether the factors were present to toll the statute of limitations.

3

Stovall went before a jury on these charges for the second time in September 2014. He argued to the district court that the State should be required to show evidence beyond a reasonable doubt for the factors that could toll the statute of limitations. However, the district court's instruction to the jury on that question set "substantial evidence" as the standard for the State to meet.

The second jury found Stovall guilty on all counts. On October 29, 2014, the district court sentenced Stovall to the aggravated term of 308 months in prison for rape of a child under 14 and to the aggravated term of 165 months in prison for rape of a victim overcome by force or fear. The court ordered these two sentences to be served consecutively and that this controlling sentence would be consecutive to Stovall's sentences from two Lyon County cases. Stovall timely appeals.

ANALYSIS

Stovall appeals a single issue from his retrial: whether the district court's Instruction No. 17 gave the jury an accurate statement of the law. Stovall contends the instruction directed the jury to use the wrong standard of proof in deciding whether factors existed to toll the statute of limitations. The State argues there was no error because the standard of evidence in the instruction matches the statutory standard in K.S.A. 2001 Supp. 21-3106(9)(f). The statute directs there must be "substantially competent evidence" supporting the existence of the factors; Instruction No. 17 called for "substantial evidence."

*Standard of review*

Both parties agree that our Supreme Court set the standard of review for jury instruction issues in *State v. Williams*, 303 Kan. 585, 598-99, 363 P.3d 1101 (2016):

"Our standard of review for jury instruction issues is well-established:

"'For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are: (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward,* 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012)." [Citation omitted].'"

*Reviewability*

*Law of the case*

The State claims the law of the case precludes review of Stovall's issue regarding the standard of evidence in Instruction No. 17.

"Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived. Where a defendant's claim has not been raised at trial or on direct appeal, *such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.*" (Emphasis added.) *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990).

Stovall raised the statute of limitations issue prior to his first trial in 2007. He moved the district court for dismissal of the charges against him for being filed outside the limitation period. Stovall argued the statute of limitations was not tolled because there was insufficient evidence to demonstrate that he actively prevented N.D.S. from reporting his crimes to law enforcement. He further argued the DNA exception extending the

5

statute of limitations should not apply in his case because it was enacted in 2001, after the completion of his crimes. Over the course of approximately two months and four hearings, Stovall presented evidence and written and oral arguments to the district court in support of his motion to dismiss.

Throughout these hearings, without objection, the district court repeatedly stated it was the court's duty to make findings of fact to determine whether the statute of limitations was tolled to determine whether it had jurisdiction to proceed to trial.

At the conclusion of the hearings on Stovall's motion to dismiss, the district court ruled there was sufficient evidence to find the statute of limitations had been tolled. The district court first found that N.D.S. was under 15 years of age at the time of the charged crimes, then made detailed findings of fact in support of its ruling that the evidence showed Stovall concealed his crimes by preventing N.D.S.—through threats and physical, sexual, and verbal abuse—from making them known to law enforcement authorities. See K.S.A. 2005 Supp. 21-3106(5)(f)(i), (iii). The district court also determined the DNA exception to the statute of limitations was applicable. See K.S.A. 2005 Supp. 21-3106(3)(a). The relevant parts of the 2001 and the 2005 statutes, which the district court used, were the same. Based on those findings, the court denied Stovall's motion to dismiss and proceeded to trial.

After Stovall was found guilty on all counts at his first trial, he filed his notice of appeal. Stovall raised a single issue, arguing his trial counsel had a conflict of interest that prejudiced his Sixth Amendment right to counsel and the district court had denied his counsel's motions to withdraw. A panel of this court affirmed Stovall's convictions finding he failed to meet his burden to address or establish how his trial attorney's conflict affected the adequacy of his representation. *State v. Stovall*, No. 100,704, 2010 WL 1379512, at *1, 5 (Kan. App. 2010) (unpublished opinion). But the Kansas Supreme Court reversed and remanded the case to district court for a new trial with new counsel,

6

finding the trial court abused its discretion in denying Stovall's counsel's motions to withdraw. *Stovall*, 298 Kan. at 379.

In the appeal from his 2007 convictions, Stovall did not challenge either the district court's ruling that he prevented reporting of his crimes by his daughter who was under 15, or the ruling that the DNA exception applied to allow the State to file charges within one year after conclusively establishing his identity as a suspect. It is long-established in Kansas that when an appealable order is not appealed, it becomes the law of the case. See, e.g., *State v. Finical*, 254 Kan. 529, 532, 867 P.2d 322 (1994); *Vaughan v. Hornaman*, 195 Kan. 291, 297, 403 P.2d 948 (1965); *Grohusky v. Atlas Assurance Co.*, 194 Kan. 460, 462, 399 P.2d 797 (1965); *Hodge v. Freeman*, 187 Kan. 650, 654, 359 P.2d 845 (1961); *Schauf v. Peter Kiewit & Sons Co.*, 187 Kan. 180, 184, 354 P.2d 687 (1960); *Neuvert v. Woodman*, 185 Kan. 373, 378, 343 P.2d 206 (1959). See also *State v. Davis*, No. 115,086, 2016 WL 6024586, at *4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1322 (2017). The district court's rulings before Stovall *first* went to trial—that the statute was tolled because Stovall prevented reporting and that the DNA provision also applied—became the law of this case. We will continue, however, with discussion of the relation between those concluded issues and the claim Stovall brings in this appeal.

Our next question, therefore, must be whether Stovall's jury instruction challenge in this appeal is an attempt to have another chance at those now-precluded issues he failed to assert in his first appeal. Stovall now casts the issue as a challenge to the burden of proof in one of the jury instructions. The instruction he claims was given erroneously was:

"JURY INSTRUCTION NO. 17

"The defendant asserts the Statute of Limitations as a defense to each count. Evidence in support of this defense should be considered by you in determining whether the State has met its burden of proving the defendant guilty. The State's burden of proof does not shift to the defendant.

"You must unanimously decide this prosecution was commenced within 5 years of the date of the offense unless there is substantial evidence to believe the following factors are present:

(a) N.D.S. was a child under 15 years of age at the time of the offense; and

(b) N.D.S. was prevented by a parent or other legal authority from making known to law enforcement authorities the fact of the crime, whether or not the parent or other legal authority is the accused, Ricky J. Stovall.

"The prosecution was commenced on April 11, 2006."

Although Stovall argues it as a standard of proof issue, the substance of his current claim is just a reprise of the same argument he put to the district court before his first trial—that there was insufficient proof to show he acted to prevent N.D.S. from reporting the crimes to law enforcement authorities—meaning the statute of limitations was not tolled and he could not be taken to trial. Both the district court, before the first trial, and the jury, at the second trial, rejected Stovall's argument and found the evidence was sufficient to support the tolling factors.

Beyond that, however, the "substantial evidence" versus "beyond a reasonable doubt" degree of proof question is a collateral issue; the gravamen of Stovall's claim is still the one that was decided adversely by the district court before the first trial but was not appealed. His failure to appeal that issue the first time prevents its litigation in this subsequent appeal. *Neer*, 247 Kan. 137, Syl. ¶ 2. The tolling of the statute of limitations because Stovall acted to prevent N.D.S. from reporting has been settled for this case.

*Statute of limitations extension for DNA results*

In 2001, approximately a year after N.D.S. moved out of Stovall's home and the sexual abuse ceased, the Kansas Legislature amended K.S.A. 21-3106 to include a DNA extension to the statute of limitations for certain sexual offenses. This provision allowed the State to commence prosecution within one year of the date on which the identity of a suspect was conclusively established by DNA testing. See K.S.A. 2001 Supp. 21-3106(7)(a); L. 2001, ch. 208, § 3. At the time the State filed charges against Stovall, the DNA exception in K.S.A. 2005 Supp. 21-3106(3)(a) provided that a prosecution must be commenced within the relevant time limitation for the crime "or one year from the date on which the identity of the suspect is conclusively established by DNA testing, whichever is later." The record shows DNA conclusively established Stovall's identity as the biological father of N.D.S.'s child—and, therefore, as the suspect for the crimes—in March 2006. The State filed its complaint against Stovall in April 2006. In the course of denying Stovall's motion to dismiss prior to the first trial, the district court found the extension applied to Stovall's case. Stovall's failure to appeal that ruling foreclosed any defense based on the statute of limitations.

Nonetheless, prior to his second trial Stovall again challenged the DNA extension to the statute of limitations, claiming it was a prohibited ex post facto law. The district court found that the DNA extension was not substantive but remedial and procedural and found that it applied to each count charged. See *State v. Nunn*, 244 Kan. 207, Syl. ¶ 11, 768 P.2d 268 (1989) (holding "[when] a statute extends the period of limitation, the extension applies to offenses not barred on the effective date of the amendment so that a prosecution may be commenced at any time within the newly established period"). The record shows N.D.S. alleged Stovall began engaging in intercourse with her after her 12th birthday—which was in March 1997—and raped her for the final time not long before her 15th birthday—which would have been in March 2000. The amendment adding the

9

DNA extension to the statute took effect on July 1, 2001, well before expiration of the five-year statute of limitations for any of the alleged acts.

The district court found the State could proceed to trial not only because there was substantial competent evidence to establish parental prevention of reporting the crimes, which tolled the statute of limitations, but also because the DNA extension applied to all counts in the complaint, extending the statute of limitations by one year following the DNA match. Once again, the DNA extension is not raised by Stovall as an issue in this appeal. Independent of the tolling of the time limitation as a result of parental prevention, the DNA extension resolves any question about whether the State filed the charges against Stovall within the applicable period of limitations.

Affirmed.